## The Employers Liability Assurance Corporation, Ltd., *v.* The Light, Heat and Power Company.

[No. 3,536.   Filed February 27, 1902.]

Insurance. — *Employers Liability Insurance.* — *Notice of Liability.* — *Immediate Notice.* —The word "immediate" as used in an employer's liability policy providing that the employer shall not incur any expense without the consent of the insurer, but "if an accident is sufficiently serious to necessitate immediate medical

assistance, the same may be rendered at the cost of the corporation, who will not, however, pay the cost for any subsequent medical aid, unless previously authorized by them," means within a reasonable time, and such time could in no event extend beyond the period within which the notice of the accident was or should have been forwarded and such further interval as might have been necessary to enable the insurance company to act therein. *pp. 438–443.*

INSURANCE.—*Employers Liability Insurance.—Medical Assistance.—Living Expenses.*—A provision in a policy of an employer's liability company giving the insured the right to render immediate medical assistance to an injured employe at the expense of the insurer does not include living expenses of the employe. *p. 443.*

From Clark Circuit Court; *J. K. Marsh,* Judge.

Action by The Light, Heat and Power Company against The Employers Liability Assurance Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*W. H. H. Miller, J. B. Elam, J. W. Fesler* and *S. D. Miller,* for appellant.

*C. L. Jewett* and *H. E. Jewett,* for appellee.

ROBY, J.—Appellant issued to appellee what is known as an "Employers liability Policy." Its relevant provisions are as follows: "Whereas, the Light, Heat, and Power Co. New Albany, Indiana, hereinafter called the 'employer', by an application dated August 3, 1896, the statement in which the employer warrants to be true, and agrees shall be incorporated herein, has applied to the Employers Liability Insurance Corporation, Limited, hereinafter called the 'corporation,' for an indemnity against claims for compensation for accidental personal injuries, caused to employes while engaged in the employer's work, at the place or places mentioned in the schedule hereto, and has paid to the corporation the sum of $140 premium, for such indemnity, for twelve calendar months from the 3rd day of August, 1896, at noon, which premium is estimated upon the yearly pay roll of the employer, amounting to $7,000. Now, it is agreed as follows: That the corporation, in so far as regards accidental personal injuries caused during the above

period, will pay to the employer, or his legal representatives, all such sums for which the employer shall become liable to his employes by virtue of the common law or of any statute, subject to the following limitations: * * * In witness whereof," etc. "Agreements and conditions under which this policy is issued and accepted: (1) Upon the occurrence of an accident to an employe notice thereof shall be immediately given by the employer upon the blank provided for the purpose to the manager for the United States, for the corporation, or to the state agent whose name and address are indorsed on this policy. Upon receiving from the employer any claim, the corporation may take upon themselves the settlement of the same. The employer shall not, except at his own cost, settle any claim or incur any expense without the consent of the corporation; but, if an accident is sufficiently serious to necessitate immediate medical assistance, the same may be rendered at the cost of the corporation, who will not, however, pay the cost for any subsequent medical aid, unless previously authorized by them". One of appellee's employes was injured between eleven and twelve o'clock on the night of April 12, 1897; the serious nature of this injury is not controverted, nor that it required immediate medical attention. In a short time afterward a physician was sent for by the appellee. He at once responded, and applied the best possible remedies. He continued his visits and attention, and testifies, without contradiction, that he could not, with due regard to the patient's condition, have done otherwise. During the first five weeks his visits numbered from two to four a day; the service was continuous; after eight weeks, visits were made every day "for a while", then every other day, and then the patient went to the doctor's office until he was discharged as cured. The doctor's bill amounted to $403; appellee compromised, and paid him in full thereof $201.50. It also paid drug bills amounting to $43.50 for articles used in the treatment. The injured employe was a married man,

without means of subsistence, and appellee paid him $90.25, in instalments of $12 per week; the money evidently being used for living purposes.

The question for decision, presented in various forms, is whether, under the conditions of the policy above set out, appellee had authority to charge appellant with the respective sums named. The contract provides, (1) that, upon the occurrence of an accident, notice thereof shall be immediately given by the employer, etc.; (2) that, if the accident is sufficiently serious to necessitate immediate medical assistance, the same may be rendered at the cost of the corporation, who will not, however, pay the cost of any subsequent medical aid, unless previously authorized by them.

The word "immediate" is one admitting of much variety of definition; it is defined by the Standard Dict. as "following without the lapse of any appreciable time; done or occurring at once; instant; as, an immediate reply". *Streeter v. Streeter*, 43 Ill. 155-165. The author of the Dict. cited, adds to his definition the following: "even 'immediate' is sliding from its instantaneousness, so that we are fain to substitute, 'at once,' 'instantly,' etc., when we would make promptness emphatic." In Anderson's Law Dict., it is defined as, "direct; present; near in time; or kinship." In Webster, as: "not separated in respect to place by any thing intervening; close, as immediate conduct; not destroyed by an interval of time; the present instant." "Immediate amputation, means, in surgery, an amputation performed a few hours after the injury." It is said to be "a word of no very definite signification and it is much in subjection to its grammatical connections." *Gaddis v. Howell*, 31 N. J. L. 313, 316. "The word 'immediate' is of relative signification. It is never employed to designate an exact portion of time. It is used with more or less latitude by universal consent, according to the subject to which it is applied." *McLure v. Colclough*, 17 Ala. 89; *Pennsylvania Co. v. State*, 142 Ind. 428. "The word immediate has had a defined and

recognized legal meaning for over two centuries. 'The word immediately, although, in strictness, it excludes all mean times; yet, to make good deeds and intent of parties, it shall be construed such convenient time as is reasonably requisite for doing the thing.'" *Richardson* v. *End,* 43 Wis. 316. Where the same word was used twice in one clause of a contract, it ought to be construed, so far as the subject-matter permits, as having the same meaning in both places. In no class of cases has the word been so liberally extended in meaning as in those upon insurance policies requiring immediate notice of loss.

A well defined distinction exists between two classes of conditions found in insurance policies; those which operate upon the parties prior to the loss are regarded as matters of substance, upon which the liability of the insurer depends, and are to receive a fair construction according to the intention of the parties; while, as to those prescribing formal requisites by which the previously vested right is made available, a rigid construction is not allowed. *Solomon* v. *Continental Fire Ins. Co.,* 160 N. Y. 595, 55 N. E. 279, 46 L. R. A. 682, 73 Am. St. 707.

In the case at bar the appellant's liability attached when the liability of the appellee to its employe became fixed. *Fenton* v. *Fidelity, etc., Co.,* 36 Ore. 283, 56 Pac. 1096, 48 L. R. A. 770; *Anoka Lumber Co.* v. *Fidelity, etc., Co.,* 63 Minn. 286, 65 N. W. 353, 30 L. R. A. 689; *Hoven* v. *Employers, etc., Corp.,* 93 Wis. 201, 67 N. W. 46, 32 L. R. A. 388; *American, etc., Co.* v. *Fordyce,* 62 Ark. 562, 36 S. W. 1051, 54 Am. St. 305.

The clause in question is intended to minimize the amount of liability, and the word "immediately" is entitled to a liberal, rather than a strict, construction. It relates to a time after the accident. There must be, usually, some interval between the injury and the rendition of medical assistance. It can not have been intended to designate only medical assistance rendered without the lapse of any appre-

ciable time after the accident. When notice of the accident is furnished to the corporation, it is then in condition to protect its own interest, and to take such steps as may be necessary on account of the condition of the injured man; his inability to procure medical service upon his own credit, and the absence of any person charged with the duty of caring, or willing to care for him. Until it has that notice, it is so manifestly in its interest that the person be not neglected, that it may well be held that the word "immediate" shall be construed liberally enough to cover the intervening time. Immediate notice, as provided for by policies of this class, is of the essence of the contract. It is not merely a notice intended to bring home to the company knowledge of a loss, as in fire or life insurance, but, inasmuch as the insurance is against liability, prompt notice becomes essential in order to enable the company to determine if the common law or the statutory liability of the employer, against which it undertakes to protect him, does or does not exist. *Travelers Ins. Co. v. Myers,* 62 Ohio St. 529, 57 N. E. 458, 49 L. R. A. 760.

The immediate notice of the accident stipulated for in the condition set out means notice within a reasonable time, in view of its purpose and the circumstances. *Travelers Ins. Co. v. Myers, supra; Foster v. Fidelity, etc., Co.,* 99 Wis. 447, 75 N. W. 69, 40 L. R. A. 833; *Baker v. German, etc., Ins. Co.,* 124 Ind. 490; *Insurance Co. v. Brim,* 111 Ind. 281; *Railway, etc., Co. v. Burwell,* 44 Ind. 460; May on Insurance, §462.

What might be a reasonable time within which to give notice of a loss by fire, might very easily be unreasonable when applied to such a contract as the one in question. If the facts are undisputed, whether the notice was given within a reasonable time becomes a question of law for the court. *Pickel v. Phoenix Ins. Co.,* 119 Ind. 291, 300; *Baker v. German, etc., Ins. Co., supra; Travelers Ins. Co. v. Myers, supra.* Giving the same meaning to the word

"immediate" in the latter that it has in the first part of the clause, it follows that the corporation becomes liable to pay for necessary medical attention rendered within a reasonable time after the accident, and not for any subsequent services, unless otherwise authorized. Such reasonable time could in no event extend beyond the period within which the notice of the accident was or should have been forwarded and such further interval as might have been necessary to enable the corporation to act in the matter. It might be very much less than this, depending in each case upon the particular conditions existing. The power to bind the corporation must be found in the written contract, which includes necessary medical attention. For such drugs or dressing only as were properly used as a part of the medical treatment authorized by the contract the appellant should pay, but not further. There is no rule of construction, known or suggested, admitting the inclusion of living expenses within the meaning of the term "medical assistance." The instructions given did not correctly state the measure of appellant's liability.

Judgment reversed, and cause remanded with instructions to sustain motion for a new trial, and for further proceedings not inconsistent herewith.