## J. M. DUNHAM, Respondent, v. PHILADELPHIA CASUALTY COMPANY, Appellant.

**St. Louis Court of Appeals, December 31, 1913.**

1. **EMPLOYERS' LIABILITY INSURANCE: Policy Construed: Right to Incur Expense for Surgical Relief.** An employer's liability policy provided that insured should not incur any expense, other than for imperative surgical relief for an injured employee at the time of the accident. *Held,* that it would seem that "imperative surgical relief" involves not only the calling of a surgeon to administer temporary relief while the injured employee is unconscious, but also involves treatment administered during the ensuing two or three days to abate swellings and set fractured bones and ascertain the extent of the injuries through the use of the X-ray.

2. ———: **Powers of Adjuster.** An adjuster of an employers' liability insurance company, authorized to ascertain the extent of the injuries, to take steps to minimize the loss, and to settle the claim, has sufficient power to authorize insured, whose employee was injured, to continue to provide medical services for him.

3. ———: **Recovery of Surgeon's Fees: Condition Precedent.** Under a provision of an employer's liability policy, that no action shall lie against insurer for any loss or expense, unless brought by insured to reimburse him for loss or expense paid after a trial of the issues, or unless the payment shall have been made with the written consent of insurer, it is a con-

Dunham v. Casualty Co.

dition precedent to a recovery of expenses incurred by insured that the payment be not made until after a trial of the issues, or with the written consent of insurer.

4. **APPELLATE PRACTICE: Conclusiveness of Trial Court's Finding.** In a case tried to the court, where no instructions are given or refused, the finding will not be disturbed, on appeal, if it can be sustained upon any theory supported by the evidence.

5. **EMPLOYERS' LIABILITY INSURANCE: Recovery of Surgeon's Fees: Waiver of Conditions Precedent.** A provision of an employer's liability policy, that no action shall lie against insurer for any loss or expense, unless brought by insured to reimburse him for loss or expense paid after a trial of the issues, or unless the payment shall have been made with written consent of insurer, being for the benefit of insurer, may be waived by it; so that where an insured paid the bill of a surgeon, whose services had been authorized by insurer's adjuster, without his having brought suit for it and without the written authorization of insurer to pay it, but insurer, after insured had demanded reimbursement, mailed him a check for a smaller amount, as though it was liable therefor, it waived compliance with the conditions precedent set out in said provision.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

AFFIRMED.

*Charles E. Morrow* for appellant.

(1) The policy provided that assured should not "incur any expense other than for imperative surgical relief at the time of an accident." It also provided: "No action shall lie against the company as respects any loss or expense under this policy unless it sahll be brought by the assured himself to reimburse him for loss or expense actually sustained and paid in money by him after trial of the issue or unless payments shall have been made with the written consent of the company." These provisions constitute conditions precedent and are substantial parts of the policy. O'Connor v. Columbia Insurance Company, 152 S. W.

396. (2) The policy in question only agrees to indemnify the assured against loss or damage by reason of liability imposed by law and expense of first aid treatment and under it the insurance or indemnity does not attach or become available until the assured has paid the loss or expense as provided in the policy according to its terms. Allen v. Aetna Life Insurance Co., 145 Fed. 181. (3) The clause in the policy in question was intended to and did limit the liability of the company to damages or expenses incurred to be ascertained by due course of judicial procedure and paid in money or paid with the written consent of the company. Its purpose was to prevent collusion between the assured and doctor. Allen v. Aetna Life Insurance Co., 145 Fed. 181, 7 L. R. A. N. S. 985 and note. Connolly v. Bolster, 187 Mass. 266; Mining Co. v. Casualty Co., 143 Mo. App. 562-563.

*Paul V. Janis* for respondent.

(1) Where the policy stipulates that the insured may provide immediate surgical relief, the insured is constituted the agent of the insurer for the purpose of calling medical attendance in the case of emergency and the liability so incurred is independent of the other obligations of the policy. Kelly v. Maryland Casualty Co., 89 Minn. 337. The liability becomes fixed, moreover, as soon as surgical relief is provided. Fenton v. Fidelity & Casualty Co. of New York, 48 L. R. A. 770. If there should be any doubt as to the proper construction to be given the terms of an employer's liability policy, it is the duty of the court to construe it most strongly against the insurance company, where the provisions are put in the policy at the direction of the company and for its protection and benefit. Mining Co. v. Casualty Co., 143 Mo. App. 555. (2) The rule of construction that an uncertainty respecting the meaning of the terms of an insurance contract must be

determined in favor of that interpretation favoring the assured, even though otherwise intended by the insurer, has received the sanction of the courts of Missouri. Columbia P. S. Co. v. Fidelity & Casualty Co., 104 Mo. App. 168; Cunningham v. Union Casualty Co., 82 Mo. App. 614. (3) By sending its check for forty dollars to plaintiff, defendant construed the policy to mean that plaintiff had the right to pay the doctor, and waived any objection to said payment. The practical construction given by the parties to a written contract is a potent factor in determining its meaning. St. Joseph Union Depot Co. v. Chicago R. I. Ry. Co., 131 Mo. 291; Casualty Co. v. Mesker, 128 Mo. App. 205.

NORTONI, J.—This is a suit on a policy of employers' liability insurance. Plaintiff recovered and defendant prosecutes the appeal.

The principal argument urged for a reversal of the judgment goes to the effect that the amount sued for, though paid out by plaintiff on account of an injury to one of his employees, may not be recovered in this suit on the policy, for the reason the claim was not ascertained after trial of the issue before the payment was made. Though it is clear enough that the policy imposes this as a condition precedent to the right of recovery thereon, it seems the provision may be treated as waived by defendant in the instant case and the judgment supported on that ground.

It appears plaintiff is a contractor and builder and as such took out the insurance policy involved here. The insurance is of that character known as employers' liability, and the policy vouchsafes indemnity to the assured, under the limitations therein prescribed and not exceeding a specified amount, against such losses as he may sustain and pay after a trial of the issue on account of injuries received by persons in his

employ who are included within the terms of the contract. The policy provides that the company shall undertake, at its own cost, the defense of all suits against the insured which may be prosecuted against him on account of injuries received by his employees and provides further that the insured shall render assistance in securing information touching such controversies and the evidence thereon, attendance of witnesses, effecting settlements, etc. But it provides, too, that the insured shall not, "without the written consent of the company, interfere in any negotiation for settlement nor in any legal proceedings, nor incur any expense other than for imperative surgical relief at the time of an accident." In the latter clause just quoted, there is obviously implied authority granted on the part of defendant company to the insured to incur expense for imperative surgical relief at the time of an accident and this much seems to be conceded in the case.

The instant suit proceeds for the recovery of $125, a surgeon's bill paid by plaintiff to a physician and surgeon for treating a carpenter who was injured while in plaintiff's employ. While erecting a building in St. Louis, a carpenter, employed by plaintiff and within the terms of the policy, fell from the building to the earth below and thereby received severe and dangerous injuries. It appears both of his arms and three ribs were fractured. Furthermore, the carpenter, Buckner, was rendered unconscious by the fall and for several days thereafter was in a dangerous condition. Plaintiff called a physician and surgeon immediately to treat and care for the injured man. The evidence reveals that Buckner's condition was such that his fractured bones could not be set on that day and that considerable swelling of the parts ensued. The surgeon took immediate charge of the patient and administered forthwith temporary treatment. On the following day, the services of an X-ray specialist were obtained by the surgeon and on that and the third day

the fractures were all properly reduced and treated. Plaintiff immediately notified defendant company concerning the matter and it sent its adjuster to investigate and settle the claim. On being advised of the serious condition of Buckner, the carpenter, the adjuster instructed plaintiff to continue the services of the doctor, which he did until proper recovery was had. Thereafter, the adjuster settled the entire claim of the carpenter for $35 but the doctor's bill was not paid. The surgeon, Dr. Say, who was called by plaintiff and who treated Buckner, rendered his account to plaintiff for $125, which the evidence reveals to be a reasonable charge. Plaintiff paid this bill to the surgeon and transmitted it to the defendant company who sent him a check for $40 as if in full for its liability on that account. Plaintiff immediately returned the check to the company and instituted this suit on the policy to recover the $125 so paid out by him in compensation for the services of the physician and surgeon.

It is suggested in the briefs, but not pressed with vigor, that plaintiff was not authorized to contract an indebtedness chargeable to defendant beyond what is known as for first aid, or in the language of the policy, "other than for imperative surgical relief at the time of an accident." It is entirely clear that plaintiff is authorized to incur an expense chargeable to defendant under the terms of the policy for imperative surgical relief at the time of an accident, and it would seem that such imperative surgical relief involved, not only the calling of a surgeon to administer temporary relief while the man was unconscious, but involved, too, the treatment which followed during the ensuing two or three days which was administered to abate the swelling and compass the extent of the injuries through the use of the X-ray and reducing and setting the fractured bones. But be this as it may, the adjuster sent out by defendant with power to ascertain the extent of and settle the claim was certainly possessed of au-

thority to commit defendant to the payment for the treatment which he ordered plaintiff to have the doctor continue, even though such extended beyond the realm of imperative surgical relief at the time of the accident. It was the duty of defendant's adjuster to not only ascertain, but to settle the loss, and to this end authority is involved to minimize the extent of the loss as well. Some discretion essentially inheres in matters of this character, and if it appears it was exercised by the adjuster, as here, for the purpose of minimizing the loss which was within the purview of defendant's undertaking in the policy to compensate in the end, the authority of the adjuster with respect of that matter ought not to be doubted.

But it is said, though such be true, plaintiff is not entitled to recover here, for the reason he paid the surgeon's bill without the written consent of the company and without requiring it to be ascertained after a trial of the issue. The policy provision seems to require this, and it is true that, though plaintiff paid the surgeon's bill of $125, he did so without a trial of the issue first had and without the written consent of the company. Touching this matter, it will be essential to set forth and examine the character of the insurance and the language of the contract evinced by the policy. By the policy defendant company undertakes to INDEMNIFY the insured against the losses and expenses therein contemplated. Throughout, the policy appears to be one of indemnity to the insured against such damages as may be ascertained as therein required and compensated by him. Moreover, under the express provisions of the policy it is not enough that the loss or expense shall be merely paid by the insured but in express terms the policy requires such loss or expense to be ascertained against the insured "after trial of the issue." So much of the sixth provision of the policy as is relevant here is as follows:

"6. No action shall lie against the company as respects any loss or expense under this policy unless it shall be brought by the assured himself to reimburse him for loss or expense actually sustained and paid in money by him after trial of the issue, or unless payments shall have been made with the written consent of the company."

It is, of course, important for an insurance company, with policies outstanding throughout the country, including and covering a broad field of liability, to require that such claims as it undertakes to pay shall be ascertained in some impartial manner, and it would seem to be entirely reasonable and just that carte blanche authority should be withheld from its patrons to obligate it by merely paying out money on claims presented. Obviously this is the spirit and intent of this provision of the policy, and it is clear that it imposes, as a condition precedent to its liability to respond, that the insured shall not only first pay the claim before he can recover from it, but must defer the payment until after trial of the issue touching the subject-matter, unless written consent of the company to such payment be first obtained. Until such prerequisite conditions of the policy are first complied with, the right of the insured to recover indemnity does not attach. [See Allen v. Aetna Life Ins. Co., 145 Fed. 881; Connolly v. Bolster, 187 Mass. 266.]

But though such be true, the provision of the policy above quoted is inserted for the benefit of defendant and, like other provisions of that character, may be waived by it. The court found the issue for plaintiff and it is our duty to sustain the judgment on any theory which may sufficiently appear in the evidence to support it, for the matter is in no wise embarrassed by instructions. There is substantial evidence tending to prove that defendant waived the condition of the policy postponing its liability to plaintiff until after a trial of the issue and treated that stipulation as one

independent of the subject-matter here involved. We say this because it appears that its adjuster, who immediately came upon the scene to investigate and settle the matter, went about the performance of his duty through undertaking to minimize the loss which might eventually be chargeable to the company. In pursuing this course, he instructed plaintiff to continue the services of the doctor and thereafter, when the surgeon's services were completed and the bill rendered, defendant mailed plaintiff a check for $40 as if it was liable therefor, even though no trial of the issue against him was had. This conduct on the part of defendant indicated an intention to waive the provision of the policy requiring a trial of the issue as a condition precedent to its liability and to recognize liability under the policy wholly aside from, or, as said in Kelly v. Maryland Casualty Company, 89 Minn. 337, independent of that provision entirely.

There is no suggestion in the case that defendant sought to compromise the claim with plaintiff, but rather it appears that it recognized a liability under the policy, even though no trial of the issue was had, and arbitrarily fixed the amount at $40 and sent a check to him therefor, which, as above stated, was returned.

In this view—that is, of a waiver—the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.