E. M. UPTON COLD STORAGE CO. v. PACIFIC COAST CASUALTY CO.
(No. 169–112.)

(Supreme Court, Appellate Division, Fourth Department.   April 29, 1914.)

1. INSURANCE (§ 512*)—INDEMNITY INSURANCE—CONTRACTS—CONSTRUCTION.
   Where insurer, issuing an indemnity policy against loss sustained by the operation of elevators, stipulated that there could be no recovery for any loss except for loss sustained and paid in satisfaction of a final judgment, and that, in the event of an action against insured, insurer would defend the action and insured should not interfere with any negotiations for settlement or any legal proceeding, insurer, defending an action and taking an appeal from an adverse judgment without executing any stay bond, was liable to insured for the amount paid in satisfaction of the judgment to prevent a sale of his property to satisfy it.
   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 512.*]

2. INSURANCE (§ 512*)—INDEMNITY INSURANCE—LIABILITY.
   An indemnity policy against loss from operation of machinery, which stipulated that insured should render to insurer at all times all co-operation and assistance in his power, required insured, in the event of an accident, to render such immediate assistance to the persons injured as might reasonably be necessary to minimize the damages, and insurer was liable for medical expenses incurred by insured for the care of injured persons, though the policy prohibited insured from assuming liability without insurer's written consent limited to procedure after suit against insured.
   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 512.*]

3. INSURANCE (§ 512*)—INDEMNITY INSURANCE—LIABILITY.
   Where an insurer, issuing an indemnity policy against loss from operation of machinery, received notice of actions against insured on claims, but failed to defend, and insured was obliged to pay judgments, insurer was liable therefor.
   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 512.*]

Appeal from Trial Term, Monroe County.

Action by the E. M. Upton Cold Storage Company against the Pacific Coast Casualty Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

P. W. Cullinan, of Oswego, for appellant.

Clarence W. McKay, of Rochester (Lewis, McKay & McMillan, of Rochester; of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ROBSON, J. The basis of plaintiff's action in which the judgment before us for review was obtained is a policy of indemnity insurance issued to it by the defendant. In September, 1911, an accident, concededly covered by the terms of the policy, occurred in plaintiff's plant. Because of this accident William Robinson, Joseph Maloy, and Charles Davis, who were at the time employés of the plaintiff, were seriously injured. By plaintiff's direction they were at once taken to Dr. Lee's hospital for surgical treatment and attention. At plaintiff's request Drs. Lee and Baker, two qualified and experienced surgeons, were at once summoned to give the requisite surgical aid and attendance. An examination disclosed that Robinson's skull was badly fractured, and that he had been otherwise seriously injured. It was apparent that Robinson's life depended on an immediate operation for the injury to his skull, which was at once successfully performed by Dr. Lee. Robinson's other injuries, as well as those of his fellow sufferers, required prompt surgical care and attention, which was given by Dr. Baker. Thereafter Robinson began an action against plaintiff for his injuries. The defendant in this action thereupon assumed the defense of that action and employed counsel for that purpose. The defense was unsuccessful, and a verdict for $2,500 damages was recovered. Judgment for the damages and costs was duly entered. The defendant in this action thereafter by the attorneys so employed by it caused an appeal from that judgment to be taken, which is still pending and undetermined, but failed to give any bond or undertaking to stay, pending the appeal, execution upon the judgment. A few days after the appeal was taken, execution on the judgment was duly issued; and, a levy thereunder upon plaintiff's property having been made, plaintiff to prevent the sale of its property was forced to and did pay the amount of that judgment, together with the poundage and sheriff's fees and other necessary expenses under said execution. Separate actions were also brought against this plaintiff by the two surgeons, Drs. Lee and Baker, to recover for their services rendered at plaintiff's request to the injured employés. Notice of these actions, as required by the policy of insurance, was given by the plaintiff to the defendant in this action; but it failed and neglected to assume the defense of the actions, and judgment in each of them was recovered against this plaintiff. Executions were duly issued thereon, and plaintiff was compelled to and did pay the amount thereof. In this action plaintiff has recovered against this defendant the amount it has paid to satisfy the three executions above referred to. It further appears that no part of the services for which the two physicians recovered their several judgments was included in the recovery obtained by Robinson in his action against this plaintiff.

The defendant urges upon this appeal that plaintiff's judgment is erroneous, for two principal reasons, viz.: First. That so far as recovery is sought by reason of the payment on the execution on the Robinson judgment the action is premature. Second. That the services, for which recoveries were had in the actions brought by the two surgeons, were not covered by the policy.

[1] The policy issued by the defendant to the plaintiff provided that: · · ·

"In consideration of the warranties herein and of thirty-three 00/100 dollars ($33.00) premium the Pacific Coast Casualty Company of San Francisco, California, hereinafter called the company, hereby insures E. M. Upton Cold Storage Company, of the county of ———— state of New York, hereinafter called the assured, against loss and expense arising from claims upon the assured for damages on account of bodily injuries accidently (sic) suffered or alleged to have been suffered during the period of this policy by any person by reason of the operations of the elevator described herein or by reason of the existence of the elevator wells, hoistways, or equipment thereof. This insurance is subject to the following conditions."

Then follows a statement of the provisions thus designated as conditions under separate headings and in separate paragraphs, which are designated by the letters A to J, inclusive. These conditions, so far as material to the present inquiry, are as follows:

"Reporting Claims. If a claim is made, on account of an accident the assured shall give like notice thereof; and the company, at its own expense will settle or contest the same. Reporting Suits. If a suit is brought on account of an accident the assured shall forward immediately to the company or to its duly authorized agent, every process or paper served upon him. The company at its own expense will settle or defend said suit whether groundless or not; the moneys expended in said defense shall not be included in the limits of the liability fixed under this policy. The assured shall not assume any liability, nor interfere with any negotiation for settlement or any legal proceeding, nor incur any expense nor settle any claim except at his own cost, without the written consent of the company. Co-operation of Assured. C. The assured shall render to the Company at all times all co-operation and assistance in his power. * * * Right of Recovery. I. No action shall lie against the company for any loss or expense under this policy unless it shall be brought for loss or expense actually sustained and paid in satisfaction of a final judgment within ninety days from the date of said judgment and after trial of the issue."

This policy in terms provides that defendant will insure plaintiff against "loss and expense arising from claims upon" it for damages suffered or alleged to have been suffered by reason of the operation or existence of the elevators and hoistways described in the policy. It, however, could not be required to pay to plaintiff such "loss or expense" except upon the latter's compliance with the conditions set out in the policy as fairly interpreted. As provided by condition "I," above quoted, no action by plaintiff against defendant for the recovery under the policy of any loss or expense shall lie, "unless it shall be brought for loss or expense actually sustained and paid in satisfaction of a final judgment," etc. Therefore appellant insists that, as an appeal in the Robinson action is still pending and undetermined, the amount of plaintiff's "loss and expense" by reason of the action on his claim has not within the policy provisions been determined by final judgment. From which it would follow that the cause of action so far as that claim is concerned had not yet matured. But this provision of the policy in its present application should be read in connection with its other provisions and in view of the facts disclosed as to what the parties actually did in the conduct of plaintiff's defense to that action. Defendant, as was its right under the policy, assumed the entire management and control of plaintiff's defense to that action. Having done this, plaintiff was, as the policy further provides, precluded from in-

terfering "with any negotiation for settlement or any legal proceeding * * * without the written consent of" this defendant. "From that moment," to use the language of Werner, J., in Brassil v. Maryland Casualty Company, 210 N. Y. 235, 104 N. E. 622, "the plaintiff was no longer a free agent. By the express provisions of his contract he was denied the right to settle on his own account or to assume charge of the litigation." But, having exercised its right to conduct plaintiff's defense to the action, defendant's correlative duty was that it should be so conducted that whatever loss or expense, to which plaintiff might be subjected in the action within the limited amount of the policy, should be made good to it. Owing to the fact that defendant neglected, when it took the appeal from the judgment in that action, to furnish the security required to stay execution thereon, plaintiff was left exposed by defendant's omission in conducting its appeal to the hazard of "loss and expense" to it, if execution were issued on the judgment. The loss and expense became an actuality when plaintiff was compelled to pay the judgment after the issue of the execution and levy thereunder. When the levy under the execution was dischargd by plaintiff, the judgment then was final within the meaning of the policy, because it had finally resulted in loss and expense to the plaintiff which its policy covered. Defendant agreed in terms, as stated in the policy, that on receiving notice of claim on account of an accident covered by the policy it would at its own expense settle or contest the same. It would seem to follow necessarily that this agreement is broken, if plaintiff was compelled to pay the judgment recovered on the claim.

[2] Plaintiff is also entitled to recover the amounts it was compelled to pay in satisfaction of the executions issued on the judgments recovered by the surgeons. Plaintiff was required by the terms of the policy to render to the defendant company at all times all co-operation and assistance in its power. Discarding from our consideration all promptings of humanity, which may reasonably have been within the contemplation of the parties in making the agreement, it would seem that the language of the policy above referred to expressed the intention of the parties that plaintiff agreed, in the event of an accident covered by the policy, to render such immediate assistance to the persons injured thereby as might reasonably be required to minimize the resultant damages, which defendant might ultimately be liable to pay. A considerable part of the surgeons' claims was for surgical attention given to Robinson. The necessity for such services was immediate and imperative, if his life was to be saved. In such case the plaintiff was fairly required by its agreement to secure the proper surgical treatment. Having done this, the expense it had thus incurred is fairly within the loss and expense covered by the policy.

It is claimed by appellant, however, that the policy expressly prohibited plaintiff from assuming any liability or incurring any expense except at its own cost without defendant's written consent. This prohibition appears in the paragraph of the policy entitled "Reporting Suits," and is manifestly a part of, and by its context limited to the procedure, rights, and powers of the parties after suit had been brought. It does not, therefore, operate to restrict the plaintiff's obli-

gation to render to defendant "at all times all co-operation and assistance in its power."

[3] In each of the actions brought by the surgeons, plaintiff, pursuant to the terms of the policy, as soon as the summons and complaint therein were served, duly notified the defendant of the claim and forwarded to it such summons and complaint, and in each instance demanded that defendant defend the same or settle the claim; but in each case it refused to appear and defend, or to settle the claim. These claims, or some part thereof at least, were, as we have sought to show, expenses arising from claims upon plaintiff for damages on account of bodily injuries accidentally suffered within the intent and meaning of the policy. Suits having been brought thereon and defendant duly apprised of the fact, as the policy required, it was then obliged either to settle or defend the suits, as the policy expresses it, "whether groundless or not." It neither settled nor defended the suits, and plaintiff was forced to pay the judgments.

It follows that plaintiff was entitled to recover the amounts it was compelled to pay to satisfy them.

The judgment should be affirmed, with costs. All concur.