LEE G. LAIDLAW, Respondent, *v.* HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant.

(Argued October 15, 1930; decided November 18, 1930.)

*John P. Carson* and *William A. Earl* for appellant. The expenses contemplated under the policy are limited to first aid treatment. (*Ayles* v. *Hartford Acc. & Ind. Co.*, 227 N. Y. Supp. 618; *Employers' Liability Corp.* v. *Light, etc., Co.*, 28 Ind. App. 437.) No actual authority was established on the part of the defendant's adjuster to make any promises and a recovery on the basis of the alleged statements attributed to him is error. (*Chisholm* v. *Royal Ins. Co.*, 225 Mass. 428; *Du Cotey* v. *Realty Co.*, 100 Conn. 255; *Hanna* v. *Florence Iron Works*, 222 N. Y. 290; *Cohen* v. *Employers Liability Co.*, 208 N. Y. Supp. 452.)

*Ellsworth Baker* for respondent. The obligations incurred by plaintiff came within the provision of the policy permitting such immediate medical or surgical aid as was imperative at the time of the accident, and in any event the acts of plaintiff were ratified and authorized by the representative of the defendant. (*Ayles* v. *Hartford Accident & Indemnity Co.*, 227 N. Y. Supp. 618.)

CRANE, J. With so much of the judgment appealed from as reforms the policy of insurance upon the ground that it was issued through mutual mistake by the parties to this action, we agree with the Appellate Division that it should be affirmed. That court made a slight deduction in the amount of the recovery and we have determined that it must be still further reduced.

The policy, known as an automobile policy, as thus reformed, insured Lee G. Laidlaw against any loss through liability imposed by law upon the insured for bodily injuries or death in the maintenance and use of the automobiles described therein.

On the 9th day of May, 1929, about three o'clock in the afternoon, the plaintiff, while driving an automobile on upper Main street in Hurleyville, ran into and injured a little child, four and one-half years of age. The accident apparently happened without any fault upon the part of the plaintiff, the child having run immediately in front of his car from the side of the street. No claim for damages has been made against the plaintiff, and the defendant has not been called upon to pay any damage by reason of the plaintiff's liability for negligence.

A clause in the policy, however, gives to the insured the right to incur certain expenses for immediate necessary medical and surgical aid, for which the insurance company will indemnify him. This is not dependent upon negligence, but may be incurred by the insured, who was in no way at fault for the accident. The plaintiff in this case incurred these expenses, and has brought this action in which he has been allowed a recovery for items aggregating $1,118.55. We think this must be reduced to $606.50 for the following reasons:

By the terms of the policy the defendant agreed " to pay for such immediate medical or surgical aid as was imperative at the time of the accident." In another place the policy provides: " The assured shall not in any way acknowledge or admit any liability on account of any accident, nor settle any claim or suit resulting therefrom, nor, without the consent of the company, incur any expense other than for such immediate medical or surgical aid as was imperative at the time of the accident."

The little boy, whose name was Bowers, had suffered a fracture of the skull in many directions. The insured picked him up and put him and his mother in the car and took them to Dr. Jacobs' office and from there to the Monticello Hospital, where he was confined for two weeks. That night, which was Thursday night, the boy was operated on and a piece of his skull taken out. He was unconscious until the following Monday afternoon.

He could not be moved from the hospital until the twenty-third of May, when he was taken to the plaintiff's home and nursed for another three weeks. This medical and surgical aid rendered the Bowers boy was immediate and imperative within this clause of the defendant's policy. Dr. Burke performed the operation, which also was necessary. Confinement in the hospital was surely necessary, immediate and imperative while the child was unconscious and until within the judgment of the attending physicians and the hospital authorities it was safe to remove him. The charges incurred by the plaintiff for these imperative services should be paid by the company under the terms of the policy, and include $25 cash payment, made by the plaintiff as an immediate deposit, $181.80 to the Monticello Hospital for the first week, $179.70 for the second week. Dr. Victor Burke's bill of $200 for the operation and attendance, which covers the period from May ninth, the date of the operation, to Monday, the thirteenth, when the child regained consciousness, should also be paid. As to the item of $20 to Dr. Jacobs for X-ray photographs, there is no question or dispute. The total of these items is $606.50.

When the boy left the hospital, he was taken by the plaintiff to his home, and there cared for during the following three weeks. At the end of that time the young Bowers boy was taken to his parents. Through the generosity and kindness of Mr. Laidlaw, the child was provided with nurses and attendants and his parents afforded the opportunity of visiting him, Mr. Laidlaw providing means of transportation. Although the tender care provided for this child must be recognized and fully appreciated, yet these considerations must not move us from a fair and impartial consideration of the defendant's contract. It agreed to pay for the immediate medical and surgical aid, which did not include the continuing services at Mr. Laidlaw's home, after it was safe to remove the child from the hospital. These may have been neces-

sary for the proper treatment of the case, but they do not come within the category of the "immediate and the imperative." *(Chisholm* v. *Royal Ins. Co.,* 225 Mass. 428; also *Employers Liability Assurance Corp.* v. *Light, Heat & Power Co.,* 28 Ind. App. 437.) The Appellate Division, Second Department (March 21, 1928) in *Ayles* v. *Hartford Accident & Indemnity Co.* (223 App. Div. 780), intimated that this clause meant first aid treatment, but its intent and scope must depend upon the nature and circumstances of the accident, in the absence of more definite terminology.

This eliminates the expenses of the driver, Palmer Cole, $25, the nursing of Ester Anderson at the house, $210, the drug bill of $8.80, the maid Lulu Coonvely, and the board of her husband, $30 and $36, respectively, the item of $36 for the board of Ester Anderson, and the small items of $1.75 druggist and $4.50 for automobile gasoline. As to the item of Dr. Jacobs, of $150, we have this to say. Unless the plaintiff is willing to eliminate this item, we will be obliged to order a new trial. It may be that Dr. Jacobs performed some necessary services at the hospital. The evidence does not show it. His item is for $150 for five weeks, which includes the three weeks at Mr. Laidlaw's home. We have, therefore, eliminated this item from the charge against the defendant under its policy. If the plaintiff desires a new trial in order to recover for some of Dr. Jacobs' services, we must grant a new trial of the entire case. However, if this item is eliminated, we will affirm the judgment as reduced to the sum of $606.50, without costs to either party.

Plaintiff claims to have incurred some of this expense in reliance upon the statements of Clifford S. Kingsland, an adjuster for the company. Six days after the accident, on May fifteenth, Kingsland took a statement from the plaintiff regarding the nature of the accident and the treatment being given the Bowers boy. Plaintiff testifies

that Kingsland said: " Do all you can for the boy and we will stand behind you." Kingsland was an adjuster with authority to settle claims up to $250, but without any authority to adjust claims in behalf of infants. This authority could not be given, as no one could settle an infant's claim without authority from the court. However that may be, even if Kingsland had such authority, it was necessarily limited to cases which came within the terms of the company's policy. He had no authority to settle claims for losses not covered by the policy. For instance, he might have settled the bills for immediate medical and surgical aid, as such items are covered by the insurance, but he would have no authority to adjust items not coming under this clause of the policy, or to bind the insurance company to pay for any and all kind of medical services or surgical operations. The company gave him no authority, nor did it hold him out as having any authority to provide such medical treatment as might be advisable, although not immediately imperative. Plaintiff cannot recover upon any promise made by Kingsland. The company's representative in the neighborhood was Knapp, with whom the plaintiff transacted all his insurance business. It does not appear that Knapp undertook to advise the plaintiff regarding any of these matters, or as to the authority of Kingsland.

Our judgment will take this form: The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event, unless plaintiff stipulates within ten days from the date of the filing of the remittitur to reduce the judgment of the Trial Term to the sum of $606.50 and costs, in which event the judgment as so modified is affirmed, without costs in this court or in the Appellate Division.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.