22072.  EMPLOYERS LIABILITY ASSURANCE CORPORATION *v.*
MANGET BROTHERS COMPANY.

JENKINS, P. J.   1. Where, by the terms of a policy insuring a named concern against liability on account of the operation of a described automobile, the insured is authorized to provide "at the expense of the corporation [the insurer] such immediate medical or surgical relief as may be imperative at the time any such injuries are sustained," the insured is constituted the agent of the insurance company for the purpose of providing for such immediate medical or surgical relief as may be imperative to a person injured by reason of the automobile covered by the policy, and the liability imposed upon the insurer by such provision of the contract is independent of the other obligations of the policy.   36 C. J. 1095, § 72; Kelly *v.* Maryland Casualty Co., 89 Minn., 337 (94 N. W. 889); Upton Cold Storage Co. *v.* Pacific Coast Casualty Co., 162 · App. Div. 842 (147 N. Y. Supp. 765).   Consequently, the right of the insured to furnish the medical or surgical relief authorized by the policy could not be limited to cases where the circumstances surrounding the injury were such as to render the insured liable in damages to the person injured.

2. The term "such medical or surgical relief as may be imperative," as employed in the policy, would not only involve the calling of a surgeon to administer temporary relief while such injured person was unconscious, but would also involve hospital treatment, nursing, and such other medical or surgical treatment as might be "imperative" during the period immediately following the injury.   Dunham *v.* Philadelphia Casualty Co., 179 Mo. App. 558 (162 S. W. 728).   And see also Employers Liability Cor. *v.* Light &c. Co., 28 Ind. App. 437 (63 N. E. 54).

3. The furnishing of medical and surgical relief, including hospitalization and nursing, to a person injured by being struck by the automobile covered by the policy sued on in the instant case, and so seriously injured that she died within a few days thereafter, and the assumption by the insured of liability for the expense thus incurred, could not amount to a breach of the condition of the policy that the insured should not "voluntarily assume any liability, settle any claim or incur any expense except at the assured's own cost, or interfere in any negotiation for settlement or legal proceeding, without the consent of the corporation previously given in writing," in view of the express provision of the policy, attached to the condition itself, that the insured might provide, at the expense of the insurer, such immediate medical or surgical relief as might be imperative at the time any such injury was sus-

tained. The case differs from American Automobile Ins. Co. v. Fidelity & Casualty Co., 159 Md. 631 (152 Atl. 523). In that case the insured had breached the condition of the policy by signing a statement acknowledging himself at fault in a collision of automobiles and agreeing to pay for the repairs on the other car and for the loss of its use; whereas, in the instant case, the insured made no acknowledgment of liability for damages on account of the accident, but merely afforded to the injured person medical and surgical relief, as was authorized under the express terms of the policy.

4. Under the terms of the policy sued on, it was not only provided that the insured should co-operate with the insurer in protecting the latter's interests in all matters involving liability thereunder, which, under some authorities, would authorize the insured, without any express authority, to provide medical treatment at the expense of the insurer in cases of emergency, where the circumstances imperatively require it, irrespective of any final determination as to whether or not the circumstances were such as would render the insured liable for the injury, but it was expressly provided that such medical or surgical treatment might be provided for by the insured at the expense of the insurer, and that the insurer should pay the expense incurred by the insured "for such medical or surgical relief as shall be imperative at the time any such injuries are sustained." While the authority thus given the insurer might not be taken to authorize the incurring of expense by the insured under circumstances such as would clearly, plainly and palpably indicate that there could be no possible liability on the part of the insured, and should not be taken to authorize the insured to incur exorbitant and unreasonable liability, such as would amount to a fraudulent exercise of the authority given under the terms of the policy, still the authority given by the policy does not only specifically authorize, but might reasonably be construed to require, the insured to safeguard the interests of the insurer by providing reasonable medical relief in all cases of emergency, where it is not palpably clear and plain that the insured would not be liable for the injury. This being true, the liability assumed and paid by the insured as agent for the insurer amounts to a loss incurred by the insurer under the terms of the policy, within the meaning of the Civil Code (1910), § 2549.

(a) Accordingly, where it was shown that the insured had made a demand upon the insurer for repayment of amounts actually expended by the insured for medical, surgical, and hospital treatment, including nursing, of a person injured by the operation of the automobile covered by the policy, and that there had been a refusal to pay, persisted in for sixty days before the filing of the suit, the provisions of the code-section cited, authorizing the assessment of damages and attorney's fees against the insurance company, were applicable. See, in this connection, *Missouri State Life Ins. Co.* v. *Lovelace*, 1 *Ga. App.* 446 (6), 466 (58 S. E. 93); *American National Insurance Co.* v. *Brantley*, 38 *Ga. App.* 505 (144 S. E. 332); *Alliance Insurance Co.* v. *Williamson*, 36 *Ga. App.* 497, 503 (137 S. E. 277).

(b) Where the insured, as agent for the insurer, provided medical and surgical treatment for a person injured, and incurred liability for the payment thereof (*Willingham* v. *Glover*, 28 *Ga. App.* 394 (3), 111 S. E.

206), a letter from the insurer, instructing the insured to refer all persons having claims on account of the injury to counsel for the insurer, and further instructing the insured not to pay the bills for such treatment with a view to looking to the insurer for reimbursement, but making no reference to the reasonableness or unreasonableness of any such expense, or bill submitted, could not illustrate the good faith of the insurer in refusing to pay the expense for which the insured had already become liable, upon demand being thereafter made for such payment. Accordingly, the court did not err in excluding such a letter when offered in evidence by the insurer.

(c) The fact that the insured, when demanding payment from the insurer, might have included in the demand a specified amount disbursed by the insured for the burial expenses of the person injured, who had afterwards died, would not defeat the right to sue for and recover the penalty and attorney's fees authorized under the Civil Code (1910), § 2549, where the response to such a demand was failure to pay any amount and a statement that it appeared to the insurer that the insured had "paid these various charges not on account of the liability involved, but on account of the contracts you made with various parties for the treatment of this injured," and where there was no objection to the amount of the claim because it included the burial expenses of the injured person in addition to the itemized amounts paid for her treatment. See, in this connection, *Central Mfrs. Mutual Ins. Co.* v. *Graham*, 24 *Ga. App.* 199 (4) (99 S. E. 434); *Fireman's Fund Ins. Co.* v. *Hardin*, 40 *Ga. App.* 275, 279 (149 S. E. 318).

5. There was no contention by the defendant in the instant case, either before the suit was filed, or in its pleadings, that the amount actually expended by the plaintiff for surgical, medical, and hospital treatment for the injured person was unreasonable, but, so far as the record discloses, such contention is made for the first time in this court. Since it appeared, without dispute, that the plaintiff had actually incurred and paid the expense sued for, the only question to be submitted to the jury, aside from the questions of damages and attorney's fees, was whether the expense incurred was for such immediate medical or surgical relief as was imperative at the time the injuries were sustained. The charge of the court was clear and explicit as to this issue, and for no reason assigned was it erroneous, either as giving improper instructions or as failing to give instructions which should have been given. The verdict was authorized, and can not be here set aside.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED SEPTEMBER 21, 1932.

*Boykin & Boykin,* for plaintiff in error.    *Hall & Jones,* contra.