358 P.2d 1003

Alfonso A. MARTINEZ, Plaintiff-Appellee,

v.

GULF INSURANCE COMPANY, a corporation, Defendant-Appellant.

No. 6650.

Supreme Court of New Mexico.

Jan. 26, 1961.

Wright & Kastler, Raton, for appellant.

V. A. Doggett, Raton, for appellee.

CHAVEZ, Justice

This is an appeal from a judgment awarding appellee $1,900.77 for hospital,

ambulance, medical and funeral expenses incurred under an insurance policy issued by appellant on appellee's motor vehicle. Injuries were received by Pedro Espinosa while he was riding in appellee's motor vehicle. The case was tried by the court without a jury upon a stipulation of facts and other evidence. This is a case of first impression in New Mexico.

It was stipulated that on June 13, 1958, plaintiff's wife, a resident of plaintiff's household, with the permission of plaintiff, was driving the insured vehicle in the village of Springer, New Mexico. Pedro Espinosa, the stepfather of appellee, was occupying said vehicle by riding in the bed of the pickup and, while so riding, was thrown out or fell out of the pickup to the pavement; that as a direct and proximate result of said accident Pedro Espinosa sustained bodily injuries from which he died at Albuquerque, New Mexico, about 1:15 A.M. on June 15, 1958, at the hospital where he had been taken for medical and surgical treatment; that as a direct and proximate result of said accident the expenses incurred by appellee for doctors, ambulance, hospital and funeral services, totaling $1,900.77, were reasonable and necessary.

The evidence discloses that Pedro Espinosa, age 74, after falling out or being thrown out of the vehicle, was in an unconscious condition on the pavement and was immediately taken from the scene of the accident to the Springer Hospital. He died at the Presbyterian Hospital in Albuquerque, New Mexico, about 1:15 A.M. on June 15, 1958, without recovering consciousness at any time since the injury.

The trial court found that plaintiff's wife arranged to have Espinosa taken to the Springer Hospital and subsequently Espinosa was taken to the hospital in Albuquerque for medical and surgical treatment, and that plaintiff and his wife obligated themselves for the payment of the hospital, ambulance and medical services rendered to Espinosa, which were imperative at the time of the accident as Pedro Espinosa was rendered unconscious and never regained consciousness.

The pertinent clauses of the insurance policy involved are as follows:

"Part I—Liability

\*    \*    \*    \*    \*    \*

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

\*    \*    \*    \*    \*    \*

"Supplementary Payments. To Pay, in addition to the applicable limits of liability:

\*    \*    \*    \*·    \*    \*

"(c) expenses incurred by the insured for such immediate medical and surgical relief to others as shall

be imperative at the time of an accident involving an automobile insured hereunder and not due to war;

\* \* \* \* \* \*

"Persons Insured. The following are insureds under Part I:

\* \* \* \* \* \*

"The insurance afforded under Part I. applies separately to each insured against whom claim is made or suit is brought. \* \* \*.

\* \* \* \* \* \*

"Part II—Expenses for Medical Services "Coverage C—Medical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' caused by accident, while occupying or through being struck by an automobile;

"Division 2. To or for any other person who sustains bodily injury, caused by accident, while occupying

"(a) the owned automobile, while being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured, or

\* \* \* \* \* \*

"Conditions

\* \* \* \* \* \*

"5. Assistance and Cooperation of the Insured (Parts I and III). The insured shall cooperate with the company \* \* \*. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident. \* \* \*"

Appellant raises five points upon which it relies for the reversal. Points I, II and IV will be considered together as they raise questions involving the interpretation of the clauses contained in "Part I—Supplementary Payments (c)."

Appellant contends that under the clause "Part I—Supplementary Payments (c)" it is intended to minimize the amount of liability and argues further that in the absence of general liability therefor there would be no obligation to reimburse for immediate medical expenses. The latter on the basis that no "first aid" expenses will be borne by insurer until and unless it

becomes legally apparent that there is liability. Appellant also argues under Point IV that the New Mexico Guest Statute, § 64–24–1, N.M.S.A., 1953 Comp., prevents any cause of action or liability attaching to the insured as a result of Espinosa's falling out of the vehicle.

■ We cannot agree with appellant's contentions. Under the provisions of the clause "Part I—Liability, Supplementary Payments (c)," appellant agrees to pay expenses incurred by the insured for such immediate medical and surgical relief as shall be imperative at the time of an accident.

Under "Part II—Expenses for Medical Services, Coverage C, Medical Payments," appellant agrees, among other items, to pay to or for the named insured all reasonable medical, surgical, necessary ambulance, hospital and funeral services, to or for any relative, and to or for any other person who sustains bodily injury, including death resulting therefrom caused by an accident while occupying the insured automobile.

The applicable rule is stated in 8 Appleman Insurance Law and Practice, p. 307, § 4895, as follows:

"Under the first aid clause, the insured's right to provide imperative medical relief is not limited to those cases where the insured is legally liable to the person injured. Where serious injuries have been sustained as the result of an accident, it would obviously be undesirable to compel the insured to stop and decide the question of his own liability, before rendering all possible assistance to a person in dire distress. The insurer's liability for immediate surgical relief is distinct and separate from the main liability clause of the policy, and the insurer is liable for such expenses even though they exceed the maximum coverage of the policy."

A clause similar to "Part I—Supplementary Payments (c)" was construed in Laidlaw v. Hartford Accident & Indemnity Co., 254 N.Y. 391, 173 N.E. 557, 558, 77 A.L.R. 1191. In Laidlaw there was another clause in the policy similar to "Condition 5" of the policy involved in this case. A little boy, on May 9, 1929, had suffered "a fracture of the skull in many directions." The insured picked him up and put him and his mother in the car and took them to a doctor's office, and from there to the Monticello Hospital where he was confined for two weeks. That night the boy was operated on and a piece of his skull taken out. He was unconscious until the following Monday afternoon. He could not be moved from the hospital until May 23rd when he was taken to plaintiff's home and nursed for another three weeks. The court held that this medical and surgical aid rendered the boy was immediate and

imperative within this clause of the policy. The court, in construing the pertinent clause, said:

"A clause in the policy, however, gives to the insured the right to incur certain expenses for immediate necessary medical and surgical aid, for which the insurance company will indemnify him. This is not dependent upon negligence, but may be incurred by the insured, who was in no way at fault for the accident. The plaintiff in this case incurred these expenses, and has brought this action in which he has been allowed a recovery for items aggregating * * *."

Appellant cites Severson v. Milwaukee Auto. Ins. Co., 265 Wis. 488, 61 N.W.2d 872, 42 A.L.R.2d 976. There is nothing in the Severson case that sustains appellant's position that liability of appellee to the injured person, or negligence on the part of the insured, is necessary to recovery under the provisions of "Part I—Supplementary Payments (c)."

In a case frequently quoted, Alsam Holding Co. v. Consolidated T. Mut. Ins. Co., 167 Misc. 732, 4 N.Y.S.2d 498, 508, which construes a clause similar to "Part I—Supplementary Payments (c)," the court stated the principle as follows:

"* * * Clearly, therefore, the clause empowering the assured, expressly or impliedly, to procure immediate surgical relief for an injured person, at the expense of the insurer, is separate and distinct from any other clauses—agreements or conditions—of the policy."

The court also said:

"* * * The present policy is not so limited, but even if it were, the Court of Appeals has held that this clause is not necessarily limited to first aid treatment; but, 'in the absence of a more definite terminology,' 'its intent and scope must depend upon the nature and circumstances of the accident.' Laidlaw v. Hartford Accident & Indemnity Co., 254 N.Y. 391, 395, 173 N.E. 557, 559, 77 A.L.R. 1191; * * *."

See also Dunham v. Philadelphia Casualty Co., 179 Mo.App. 558, 162 S.W. 728. Compare Gilbert v. American Casualty, Co., 126 W.Va. 142, 27 S.E.2d 431.

Appellant also contends that in order for appellee to recover it is necessary that there be a judgment against appellee, or that there be a written agreement between Espinosa's legal representative, the insured and the insurer, and that lacking judgment or agreement under "Condition 6. Action Against Company," that the insured has not met this condition precedent and should not be allowed to recover except as to "Part II—Expenses for Medical Services." There is no merit in this con-

tention. "Condition 5" of the policy provides:

"* * * The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident."

See also Alsam Holding Co. v. Consolidated T. Mut. Ins. Co., supra, 42 A.L.R.2d 986.

▮▮▮Appellant contends that appellee's recovery under "Part II" should be limited to $500 expenses for medical services. He relies on the provision of the policy which reads:

"Limit of Liability. The limit of liability for medical payments stated in the declarations as applicable to 'each person' is the limit of company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of, any one accident."

"Part II" of the policy is entitled "Expenses for Medical Services" and clause "Coverage C" refers to "medical payments." Nevertheless, "Coverage C" clause covers items other than "medical payments" and the limitation clause covers "all expenses" under this coverage, whether strictly medical, funeral or other compensable items. Thus, on this point, we affirm the judgment, except for $54.37, that being the amount by which the funeral expenses included in the judgment exceed $500.

▮▮▮ There is no merit in appellant's argument that the New Mexico Guest Statute is applicable in this case. This is a suit on a contract wherein insurer agrees to pay expenses incurred by the insured for immediate medical and surgical relief to others as shall be imperative at the time of the accident, regardless of negligence on the part of the insured or liability on his part to the injured person. Upon the authorities cited, we hold against appellant's Points I, II, and IV, subject only to the limitation hereinbefore set out.

Appellant under Point III argues that appellee has not sustained his burden of proving that the expenses incurred were for immediate and imperative relief, and under Point V contends that the only expenses for "immediate and imperative relief" were the expenses incurred at Springer, New Mexico.

▮▮▮ Immediate and imperative relief is ordinarily a question of fact to be determined in view of all of the circumstances. We have before us a case wherein on June 13, 1958, a 74 year-old man, Pedro Espinosa, while riding in the bed of the insured pickup, was either thrown off or fell out of the vehicle onto the paved road. The

driver of the vehicle stopped, got out of the vehicle and found Espinosa in an unconscious condition. Espinosa was immediately taken to the Springer Hospital where he received hospitalization and medical services from Dr. Carl Hallford. Insured's wife advised Dr. Hallford that she and insured would be responsible for all expenses in connection with Mr. Espinosa's injuries. Insured has paid Albuquerque Anesthesia Service $51.50; Colfax General Hospital $13; Irby Brown Ambulance Service $50; and Rogers Mortuary, funeral services, $554.37. Sometime after Espinosa was admitted to the Springer Hospital, and unknown to insured, Espinosa was taken by an ambulance to the Presbyterian Hospital in Albuquerque. This was either on June 13 or early on June 14, 1958. At the Presbyterian Hospital Espinosa received hospitalization, medicine, medical and surgical treatment from Dr. M. Robert Klebanoff, including "neuro consultation, hospital treatment and *cranitomy* and tract." Espinosa was found unconscious immediately after the accident and never regained consciousness to the time of his death about 1:15 A.M. on June 15, 1958. This medical and surgical aid given Espinosa, both at the Springer Hospital and at the Presbyterian Hospital, including ambulance service, was immediate and imperative within the clause in the policy "Part I—Supplementary Payments (c)."

It has been held that the term "such medical or surgical relief as may be imperative," as employed in an insurance policy, would not only involve the calling of a surgeon to administer temporary relief while such injured person was unconscious, but would also involve hospital treatment, nursing, and such other medical or surgical treatment as might be "imperative" during the period immediately following the injury. Employers' Liability Assur. Corp. v. Manget Bros. Co., 45 Ga.App. 721, 165 S.E. 770. See also Laidlaw v. Hartford Accident & Indemnity Co., supra; 42 A.L.R.2d 986; Dunham v. Philadelphia Casualty Co., supra.

In conformity with the views herein expressed, the judgment of the district court is affirmed, except as to the amount of $54.-37.

It is so ordered.

COMPTON, C. J., and CARMODY and MOISE, JJ., concur.

NOBLE, J., not participating.