Edward J. Greenfield, J.
Plaintiff brought this action against the defendant, Liberty Mutual Insurance Company, which had issued a New Jersey family-automobile policy to him, for reimbursement of medical expenses incurred by him on behalf of his wife and infant son, who were seriously injured while passengers in the automobile being driven by plaintiff.
Plaintiff Frank X. Duffy, his wife Hanni, and his two-year-old son Thomas were residents of New Jersey. On March 10, 1960, Mr. Duffy was driving with his family in New York City when his car skidded and struck a light pole. They were all taken to Knickerbocker Hospital where plaintiff’s wife Hanni was found to have a fractured jaw, fractured forearm, two broken legs and multiple facial injuries. Thomas, the infant son, sustained multiple fractures of the jaw, and had four upper teeth knocked out. They remained in the Knickerbocker Hospital until the following day, when they were removed by stretcher and ambulance to Riverdell Hospital in Oradell, New Jersey, which was closer to home and more accessible to their family physician.
Plaintiff’s son remained in the hospital in New Jersey for treatment until March 24, 1960, a total of two weeks, but Mrs. Duffy was not discharged from the hospital until three and one-half months later.
Plaintiff filed proof of claim for medical payments for his wife and son in the sum of $7,320.75 for medical, surgical and hospital bills incurred by him. Defendant conceded a liability of $500 for each under Coverage C of the policy, and paid the plaintiff the sum of $1,000. This action is for the balance.
Mrs. Duffy had commenced a prior action in the Supreme Court, New York County, against her husband for general damages for her personal injuries. In New Jersey, a wife cannot sue her husband in tort as a matter of law (Koplik v. C. P. Trucking Corp., 27 N. J. 1; Kennedy v. Camp, 14 N. J. 390; Orr v. Orr, 36 N. J. 236) In New York, this common-law immunity has ■ been abolished (General Obligations Law, § 3-313), but subdivision 3 of section 167 of the Insurance Law precludes insurance liability coverage for a spouse under policies issued in New York in the absence of an express provision to the contrary. However, Mrs. Duffy was suing under a New Jersey policy, so the New York Insurance Law did not apply, and she was suing in New York for a New York accident, so the applicability of the New Jersey interspousal immunity doctrine was open to question. (See Maryland Cas. Co. v. Jacek, 156 F. Supp. 43.) As a result, her claim was settled *857 under Coverage A of her husband’s policy (damages for liability) for $6,500.
In this action, it is the husband who seeks recovery from his insurer for the expenses incurred by him on behalf of his wife and son under the supplementary payments provisions of the policy. The 'defendant resists payment of any further sums on the grounds that such emergency medical payments by the insured are not reimbursable for members of the insured’s household, no.r with respect to expenses incurred for medical and surgical relief extending beyond the period immediately following the accident.
The family automobile policy has three basic types of coverage which must be differentiated in understanding the controversy in this case. They -are:
Part I — Liability
Part II — Expenses for Medical Services
Part III — Physical Damage
The liability coverage requires the insurance company 11 to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
■Coverage A —Bodily Injury Liability. (Defendant paid $6,500 to Mrs. Duffy thereunder.)
Coverage B — Property Damage Liability. (Defendant paid $265 to the City of New York thereunder for damage to its lamp post); and
Supplementary Payments:
“ To pay, in addition to the applicable limits of liability:
(a) * * *
(b) * * *
(c) expenses incurred by the insured for such immediate medical and surgical relief to others as shall be imperative at the time of an accident involving an automobile insured hereunder and not due to war.”
The medical services coverage (Part II) is designed to reimburse the driver himself and his passengers, irrespective of liability, for out-of-pocket medical expenses. Coverage C, which comprises the medical payments provisions, requires the insurance company “to pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, x-ray and dental services ”, not exceeding a liability limitation of $500 per person for the named insured and each relative or any other person occupying the insured’s automobile.
■The physical damage coverage (Part III) calls for payment of losses occasioned by damage to the car the insured or his *858 relative was driving — comprehensive, collision, theft, fire, etc., plus the necessary towing and labor costs.
The dispute between the parties here is basically whether the medical expenses incurred for the plaintiff’s wife and son come under the medical expense payments provisions of Coverage C, as to which there is a limitation of liability of $500 for each person, or whether they are compensable under the supplementary payments provisions of the liability coverage, where the limitation is not in terms of dollar amounts, but rather in terms of what is “ imperative” for “ immediate ” relief.
It is the position of the defendant that not only would the plaintiff him'self, as the named insured and driver, be precluded from any recovery for his own medical expenses under the supplementary payments coverage, which embraces only payments by the insured for “ others ”, but that his wife and son are excluded as well, since the ‘ ‘ Persons Insured ’ ’ as defined in Bart I of the policy included ‘ ‘ the named insured and any resident of the same household ”, and if they were ‘1 the insured ’ ’, they could not be ‘ ‘ others ’ ’.
“ Named Insured ” is defined as the individual named in the policy and his spouse, and ‘ ‘ relative ’ ’ is defined as a relative of the named insured, who is a resident of the same household. Defendant takes the position that plaintiff’s wife and child are restricted for their medical expenses solely to the provisions of Coverage C, as they were relatives occupying plaintiff’s car at the time of the accident. Plaintiff, on the other hand, insists that since he was “ the insured ” for liability purposes, his wife (who sued him), and his child must necessarily be treated as “others”, and that the entire cost of the hospital treatment, or at least the greater part of it, must be considered “ imperative ’ ’ for 1 ‘ immediate medical and surgical relief ’ ’. The issues are sharply drawn, and there appear to be no New York cases directly in point.
The first question to be resolved is whether the medical payments clause of Coverage O and the supplementary payments provisions of Part I of the policy are mutually exclusive. It would appear that Coverage 0 is designed to afford a financially limited amount of protection for the insured himself and occupants of his automobile irrespective of whether or not the insured or the person driving his car with his permission was negligent. It is a degree of self-protection for the insured and for his relatives and guests, so that they will not be relegated to the uncertainty and protracted duration of a liability suit in order to recover their basic medical costs. The supplementary payments provision however, which is an enlargement of the *859 liability section of the policy (but not operative only where liability is established [Ayles v. Hartford Acc. & Ind. Co., 223 App. Div. 780]), is designed basically to minimize liability and protect the insurance company by authorizing the insured to take immediate steps for the relief of the injured party, to stave off the woeful consequences that might ensue through inaction.
In Alsam Holding Co. v. Consolidated Taxpayers’ Mut. Ins. Co. (167 Misc. 732, 740) Judge Matthew M. Levy, in a comprehensive opinion, held in construing a liability policy which permitted the insured to incur expenses for immediate surgical relief, that this was for the benefit of the insurer. “ ‘ The clause in question is intended to minimize the amount of liability.’ (Employers Liability Assur. Corp. v. Light, Heat & Power Co., 28 Ind. App. 437; 63 N. E. 54.) 1 It would be to [the insurer’s] advantage to provide direct authority to call a physician immediately, in order that by immediate medical attendance the amount of liability might be decreased. From this point of view, the provision for quick surgical relief may be treated as independent express authority conferred upon the assured for that purpose.’ (Kelly v. Maryland Casualty Co., 89 Minn. 337; 94 N. W. 889.) ”
Judge Levy succinctly concluded (p. 740): “ Clearly, therefore, the clause empowering an assured, expressly or impliedly, to procure immediate surgical .relief for an injured person, at the expense of the insurer is separate and distinct from any other clauses — agreements or conditions — of the policy.” (Accord: Martinez Gulf Ins. Co., 68 N. M. 90.)
I agree. In view of the differing purposes behind the medical payments and the supplementary payments provisions this court .reads no exclusivity into them. Each clause must be treated independently, in the absence of appropriate exclusionary language.
In any event, whether or not the medical payments and the supplementary payments provisions are to be considered mutually exclusive or overlapping, the defendant insists that the wife and son of the driver, as additional “ Persons Insured” under the policy, cannot be covered by a provision designed to allow for expenses incurred “ by the insured” for ‘ ‘ relief to others ”. In other words, the insurance company takes the position that Mr. Duffy and his family must be treated collectively as the persons insured under the liability provisions of the policy, even though only one of them, Mr. Duffy himself, was, in fact, the person liable. Our courts have held however, that when coverage is afforded to additional insureds the additional insureds are not to be treated collectively, but as if each *860 had been issued a separate policy of his own (Greaves v. Public Serv. Mut Ins. Co., 5 N Y 2d 120; Morgan v. Greater New York Taxpayers Mut. Ins. Assn., 305 N. Y. 243, 249). A provision of the policy which, in effect, broadens the coverage by bringing others under the umbrella of its protection, cannot be construed in such a way as to prejudice the rights of those who were intended to be benefited.
In the deluge of verbiage which sometimes leaves the courts gasping for air, we can see where we are going only by keeping in mind the true underlying purposes of the provisions which we construe. What is the supplementary payments provision designed to do ? It is designed to afford protection to the driver of the vehicle against the claims of others who may have been injured through his negligence. The driver is authorized to take immediate steps to get the injuries treated and is authorized to be reimbursed for any expenses he incurs. What sense does it make to 11 protect ’ ’ an insured by a refusal to reimburse him for expenses he has incurred on behalf of those for whom it is most natural to care about — members of his own family Who were riding with him at the time of the accident?
We can determine who is to be considered a “Person Insured ’ ’ under the policy provisions only by asking the question, “Insured against what?” Obviously, insured against liability. Under the principle that each insured must be treated as if he had a separate policy, it is clear that in the instant case the only person who could be considered a “ Person Insured ’ ’ was the actual driver at the time of the accident. All other persons who come within the broadly defined class of “ Persons Insured ” are, in fact, merely potential insureds who are not actually insured against liability unless, in fact, they have been driving the automobile. That this is the intention of the insurance company itself is manifested by the provisions in Part I that 1 £ the insurance afforded under Part I applies separately to each insured against whom claim is made or suit is brought” (emphasis supplied). Clearly, the distinction must be ¡made between an actual and a potential insured. Plaintiff’s wife and child in this case, while theoretically capable of becoming “Persons Insured ” if a claim could have been made against them, could pot be so 'considered in actual fact.
The son, Thomas, was two years old, and under the circumstances not very likely to have borrowed his father’s car with permission and to have driven it in such a way that claim would be made against him. Plaintiff’s wife, according to the testimony, did not know how to drive and would have had to obtain an operator’s license. Under the circumstances, it would be *861 ludicrous to say that they must he considered as 11 Persons Insured ’ ’ when the protection against liability would in fact never be extended to them, yet the husband would be barred from recovering the expenses incurred for them and not for others who more readily might have been drivers of his car.
In Norton v. Concord Ins. Co. (97 N. J. Super. 98) a sister jurisdiction also holds that exclusionary clauses apply only to the particular insured against whom liability is sought to be imposed, whether the named insured or an additional insured. In that case the court stated: “We hold that the exclusionary language of the policy should be restricted in its application to the particular insured seeking the protection of the policy under the facts of each case as it arises.”
Mrs. Duffy, in her prior suit for damages, attempted to recover only for her personal injuries, and not for any medical expenses. It would be anomalous to say that she could recover damages for the injuries, but not for the very substantial amount of special medical damages incurred, yet if she had paid her medical bills herself, her very substantial medical expenses would have been a further factor for defendant to have considered in assessing the value of her claim. The fact that the medical and hospital charges were billed to her husband, rather than to her, would result in a very considerable reduction of the liability to which defendant would otherwise be exposed. It was the most natural thing in the world for plaintiff, as husband and driver, to have incurred all the expenses. One cognizant of the legal niceties might have weighed the alternatives and held off. I am reluctant to hold that a crisis decision made under pressure compels differences in result, and I do not believe that a reasoned analysis of the law requires it. “ The clause works to the advantage of the insurer, who wants the assured to render immediate surgical relief in every case and not to ponder over what at times may be nebulous niceties of legal responsibility.” (Alsam Holding Co. v. Consolidated Taxpayers’ Mut. Ins. Co., supra, p. 741.)
It is the holding of this court that plaintiff, as the driver of the insured vehicle, may appropriately recover from his insurance company for those expenses incurred on behalf of his wife and child who were injured through his negligence and could have sued him. Exactly which expenses would be considered “ imperative ” and “ immediate ” under the principles of Laidlaw v. Hartford Acc. Co. (254 N. Y. 391) and related cases need not be resolved at this time. The parties have stipulated that the court would first determine the question of law as to whether or not the wife and child would be covered *862 by the supplementary payments provision. This has now been resolved in the plaintiff’s favor. The question as to how much of the total medical bill comes within the provisions of the supplementary payments clause is essentially a question of the quantum of damages, which should be resolved after taking testimony at a further hearing. This matter is therefore remanded to Trial Term, Part I, for the purpose of having an assessment of damages in accordance with the opinion herewith.