■ WILLIAM McCARTER, Appellant v ALLSTATE INSURANCE COMPANY, Respondent.—Appeal (1) from an order of the Supreme Court at Special Term, entered October 1, 1975 in Ulster County, which granted a motion by defendant for summary judgment dismissing the complaint and denied plaintiff's cross motion for judgment demanded in the complaint, and (2) from the judgment entered thereon. Plaintiff sustained personal injuries and incurred medical expenses as the result of an accident which occurred in May of 1971 while he was riding as a passenger in an automobile owned and operated by Arthur Redrik and insured by the defendant Allstate Insurance Company. An action was brought by plaintiff against Redrik for personal injuries and medical expenses, but it was settled upon payment by defendant of the sum of $8,500 in exchange for a general release executed by plaintiff running to Redrik and his assigns. The within action was thereafter commenced by plaintiff to recover the additional sum of $5,000 under a supplementary payment provision of the policy of insurance issued by defendant to Redrik. The involved section of the policy provides, in part, as follows: "With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall * * * (d) pay expenses incurred by the insured for such immediate medical and surgical relief to others as shall be imperative at the time of the accident". This clause is plainly intended to authorize the insured to incur obligations in the nature of immediate or "first aid" medical expenses in order to minimize the liability of the insurer, and for which the insured will later be reimbursed, without consideration of fault (Laidlaw v Hartford Acc. & Ind. Co., 254 NY 391; Ayles v Hartford Acc. & Ind. Co., 223 App Div 780). Under the circumstances presented, the provision for indemnity in this policy runs to the insured for expenses incurred by him, and no cause of action exists on behalf of this plaintiff, who is not such an insured party, against this defendant. The typical medical payment feature of some policies has no relevance in this case. Accordingly, summary judgment was properly granted to defendant. Order and judgment affirmed, with costs. Koreman, P. J., Kane, Mahoney, Main and Herlihy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS B. RUDOLPH, Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered February 19, 1976, convicting defendant upon his plea of guilty to the crime of robbery in the second degree in violation of section 160.10 of the Penal Law and sentencing him to an indeterminate term of imprisonment not to exceed three years. On this appeal, defendant contends solely that his sentence was unduly harsh and severe. We disagree. Pursuant to subdivision 3 of section 60.05 of the Penal Law, a defendant convicted of robbery in the second degree in violation of section 160.10 of the Penal Law must receive an indeterminate sentence with a maximum of at least three years in accordance with subdivision 2 of section 70.00 of the Penal Law. Judgment affirmed. Koreman, P. J., Kane, Mahoney, Main and Herlihy, JJ., concur.