**TOWN AND COUNTRY MUTUAL INSURANCE COMPANY,**
**Garnishee–Defendant–Appellant,**

v.

**Virgil T. SHARP and Valerie Sharp,**
**Plaintiffs–Appellees.**

No. 22A01–8810–CV–332.

Court of Appeals of Indiana,
First District.

May 16, 1989.

Rehearing Denied July 21, 1989.

Stephen J. Peters, Stewart & Irwin, Indianapolis, for garnishee-defendant-appellant.

Richard G. Bolin, Ward, Bolin & Stein, New Albany, for plaintiffs-appellees.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Town and Country Mutual Insurance Company appeals the judgment of the trial court compelling Town and County to pay certain medical and surgical expenses incurred by Virgil and Valerie Sharp as the result of an automobile collision with Richard Leinenbach under the additional payments provision of Leinenbach's automobile insurance policy. We reverse.

## FACTS

On November 10, 1984, an automobile operated by Leinenbach collided with an automobile operated by Sharp on Indiana State Highway 64 in Floyd County. As a result of this collision Sharp was injured and hospitalized. Sharp and his wife filed suit alleging that Leinenbach's operation of the motor vehicle at the time of the collision was negligent and willful and wanton because Leinenbach was in a state of extreme intoxication.

On July 15, 1987, a jury returned a verdict in favor of Virgil Sharp for $162,914.45 and in favor of Valerie Sharp for loss of services and consortium in the amount of $25,000. Additionally, the jury awarded punitive damages in the amount of $200,-000 for a total award of $387,914.45.[1] Thereafter, Town and Country paid into court its policy limit of $25,000 coverage for personal injury liability.

Subsequently the Sharps instituted garnishment proceedings against Town and Country seeking recovery of medical and surgical expenses. The Sharps contended that these expenses were covered by the additional payments provision of Leinenbach's automobile insurance policy. After an evidentiary hearing, the trial court found that Virgil Sharp incurred $23,332.45 in immediate medical and surgical expenses necessary at the time of the accident as the result of the collision with Leinenbach. The trial court then entered judgment against Town and Country finding that the additional payment provision of Leinenbach's automobile insurance policy provided coverage for Sharp's medical expenses. From this decision, Town and Country now appeals. Further facts will be recited as necessary to the discussion below.

---

1. For further facts relating to the underlying claim see *Sharp v. Indiana Union Mut. Ins. Co.* (1988), Ind.App., 526 N.E.2d 237, *trans. denied.*

## ISSUES

1. Did Town and Country waive the present appeal for failure to raise the issue argued on appeal in its motion to correct errors?

2. Did Town and Country waive the present appeal for failure to argue that the Sharps were not covered under the additional payment provision of Leinenbach's insurance policy as an affirmative defense?

3. Did the trial court err in finding that Sharp's medical expenses were covered under the additional payment provision of Leinenbach's insurance policy?

## DISCUSSION AND DECISION

*Issue One*

The Sharps first contend that Town and Country waived the present appeal by failing to raise the error asserted on appeal in its motion to correct errors and accompanying memoranda. The Sharps correctly note that according to the Indiana Rules of Procedure, Appellate Rule 8.3 and Trial Rule 59, errors must be stated with specificity and apprise the trial court of the party's allegation of error in order to enable the trial court to rectify the error. *Liberty Mut. Ins. Co. v. Parkinson* (1985), Ind. App., 487 N.E.2d 162, 164; *In the Matter of Thomas* (1982), Ind.App., 431 N.E.2d 506, 511–12 *trans. denied.*[2] The Sharps then point out that Town and Country's motion to correct errors contains only the barest allegations of error, yet concede that it is proper to read the motion to correct errors together with all supporting memoranda to determine whether the requirements of Trial Rule 59 are met. *See, Liberty Mutual*, 487 N.E.2d at 164. The Sharps then claim that the specific allegation of error raised in Town and Country's supporting memorandum differs from that argued on appeal. The Sharps argue that since the error raised on appeal was not advanced in Town and Country's motion to correct errors, the appeal should be dismissed.

■ The Sharps correctly state the law; arguments not advanced in a motion to correct errors will be deemed waived on appeal. *Ludwig v. Ford Motor Co.* (1987), Ind.App., 510 N.E.2d 691, 697 *trans. denied.* However, we disagree with the Sharps' claim that the specific errors asserted in Town and Country's memorandum in support of motion to correct errors differ from those errors alleged on appeal. In the memorandum, Town and Country summarized the issue before the trial court as follows:

"... whether the automobile liability insurance policy issued by the Garnishee Defendant to the Defendant provided coverage, over and above the 'policy limits' for the medical expenses incurred by the Plaintiff, Virgil T. Sharp."

Record at 4–5. Town and Country further argued in the supporting memorandum that the trial court erroneously determined that the disputed provision afforded coverage because:

"... Virgil Sharp was not an 'insured person' within the definition of the coverage. Additional payments in addition to the limits of liability are only 'as respects an insured person'. Virgil Sharp was not the named insured or relative of the named insured."

Record at 5. On appeal Town and Country makes virtually the same allegations of error; the trial court erred in determining that the additional payments section covered Sharp's medical expenses because that section covers only expenses incurred by the insured. It is our opinion that upon reading Town and Country's motion to correct errors and supporting memorandum, Town and Country stated the alleged error with requisite specificity. Also, the issue raised therein is the same as that presented for appeal. Therefore, Town and Country cannot be said to have waived the issue on appeal.

---

**2.** Our supreme court amended T.R. 59 and A.R. 8.3 on January 1, 1989, and again on February 16, 1989, so that in most cases a motion to correct errors no longer is required. *See* K.L. Mulvaney, "What Happened to the Motion to Correct Errors?", 32 *Res Gestae*, 472, (1989). These amendments do not affect this case.

*Issue Two*

The Sharps' next contention is that Town and Country waived review of the issue of noncoverage under the policy by failing to raise that issue as an affirmative defense in the proceedings below. According to the Sharps, by arguing that the medical and surgical expenses at issue are not covered if incurred by someone other than the insured, Town and Country is essentially arguing that Virgil Sharp is not the real party in interest, or lacks standing to sue. We need not address whether lack of standing must be pleaded as an affirmative defense since we disagree with the Sharps' characterization of Town and Country's argument on appeal.

■ The determination of whether the issue of noncoverage was an affirmative defense depends upon whether coverage under the policy was a necessary element of the Sharps' prima facie case. See, *Rice v. Grant County Board of Comm'rs.* (1984), Ind.App., 472 N.E.2d 213, 214 *trans. denied.* As stated in *Rice:*

> "a defense that merely controverts plaintiff's prima facie case is negative in character and is made ... by the denial of some or all of the averments upon which plaintiff relies. An affirmative defense, on the other hand, is avoiding in nature in that it raises matter outside the scope of plaintiff's prima facie case ... and must be set forth affirmatively."

*Id.* quoting, 2A J. Moore, *Moore's Federal Practice* § 8.27[3] (2d ed.1984). In a proceeding supplemental to recover judgment from a liability insurer, the burden of proof is on the judgment creditor to present evidence of judgment, the insurance policy and facial coverage under the policy. *Snodgrass v. Baize* (1980), Ind.App., 409 N.E.2d 645, 646 *trans. denied.* The Sharps bore the burden of proving coverage as a part of establishing a prima facie case against Town and Country. Therefore, by asserting that the policy did not cover Sharp's medical expenses, Town and Country was merely refuting an element of Sharp's prima facie case and was not required to raise the issue as an affirmative defense.

*Issue Three*

■ Having determined that Town and Country did not waive its right to review, we must now determine whether or not the trial court erred in finding that Sharp's medical expenses were covered under the additional payments section of Leinenbach's automobile insurance policy. The insurance policy reads in pertinent part:

> "Additional Payments
>
> *As respects an insured person,* we will pay, in addition to our limit of liability:
>
> ... (6) *Expenses incurred* for immediate and surgical treatment for others necessary at the time of the accident resulting in bodily injury covered by this part." (emphasis added.)

Record at 50. Town and Country claims that the trial court misconstrued this provision in entering judgment for the Sharps. According to Town and Country, this provision should be characterized as a "first aid" clause intended to reimburse expenses incurred by the insured only. The Sharps contend that the language of the provision is ambiguous and that they are therefore entitled to a liberal construction of the provision in favor of coverage.

The Sharps are mistaken. Contracts for insurance are subject to the same rules of interpretation and construction as are other contracts. *Eli Lilly and Co. v. Home Ins. Co.* (1985), Ind., 482 N.E.2d 467, 470, *cert. denied,* 479 U.S. 1060, 107 S.Ct. 940, 93 L.Ed.2d 990. Our standard of review on a question of contract interpretation and construction is essentially the same as that employed by the trial court. *State Security Ins. Co. v. Ottinger* (1985), Ind.App., 487 N.E.2d 446, 447. Courts must consider all of the provisions of the contract to ascertain its meaning, not just individual words, phrases, or paragraphs, and must accept a construction which harmonizes the provisions rather than one which supports a conflicting version of the provisions. *Anderson v. State Farm Mut. Auto. Ins. Co.* (1984), Ind.App., 471 N.E.2d 1170, 1172. If the policy language is clear and unambiguous, it should be given its plain and ordinary meaning. *State Security,* 487

N.E.2d at 447. An insurance policy will be deemed ambiguous only if reasonable persons may honestly differ as to the meaning of the policy language. *Eli Lilly and Co.,* 482 N.E.2d at 469. It is our opinion that the language used in the additional payments provision herein is not ambiguous, and that we, therefore, need only determine the plain meaning of that provision.[3]

The contested provision clearly constitutes what has been characterized as a "first aid" or "Good Samaritan" clause:

> "[R]ecognizing the humanitarian impulses which motivate one to see that prompt attention is given to those at the scene of an accident, this right is conferred under the first aid clause of a policy. Not only is it unlikely that a waiver of defenses will result from carrying out a Good Samaritan gesture, but, reasoning cold-bloodedly, prompt attention may often prevent an injury from becoming much more serious, even fatal.
>
> "Many liability policies now contain first aid clauses which obligate the insurer to repay any expenses incurred for such immediate medical and surgical relief to others as shall be imperative at the time of the accident. It has been held that medical aid furnished by the insured under such a first aid clause is not in violation of policy provisions forbidding the insured voluntarily to assume liability, settle a claim, or incur expenses without the consent of the insurer. And an insurer's right to defend any action at its own cost is not defeated by the insured furnishing first aid under this clause. The insured has been regarded as acting as the insurer's agent in rendering immediate surgical relief, and the latter is liable for the expense therefor.
>
> "... But such provision is for the benefit of the insured and could not serve as a basis for a cause of action on the part of

the third party injured through the insured's negligence."

J. Appleman, *Insurance Law and Practice* § 4901 (1981). In a case strikingly similar to that presently before this court, the Appellate Division of the Supreme Court of New York stated that a like clause was "plainly intended to authorize the insured to incur obligations in the nature of immediate or 'first aid' medical expenses in order to minimize the liability of the insurer, and for which the insured will later be reimbursed, without consideration of fault." *McCarter v. Allstate Ins. Co.* (1976), 55 A.D.2d 695, 388 N.Y.S.2d 732. Therefore, the New York court held that the first aid provision of the policy was applicable only to the insured for expenses incurred by him. *Id.; see also, Dalrymple v. Lumbermen's Mut. Casualty Ins. Co.* (1976), 85 Misc.2d 1044, 380 N.Y.S.2d 900. We find this reasoning persuasive.

The Sharps make much of the fact that in McCarter the contested provision used the words "incurred by insured" whereas the clause in case at bar is devoid of any such phrase. However, the Sharps failed to note that in the present case, the introductory phrase to the additional payments section of the policy clearly limits coverage under the provision by stating: "as to the insured," before listing the additional costs for which the insured may be reimbursed if necessary. Therefore, given that the clearly stated purpose of the contested provision was to reimburse only the insured for any expenditures incurred in obtaining medical relief for others at the time of an accident, the Sharps fall outside the scope of the coverage provided, and the trial court erred in entering judgment in their favor.

Reversed.

NEAL, J., concurs.

STATON, J., concurs in result with separate opinion.

---

3. Furthermore, while it is true that this court has often held that ambiguities in insurance contracts are to be liberally construed against the insurer, we will follow this rule of construction only insofar as the ambiguous contract provision is to be construed in favor of the insured. As judgment creditors the Sharps are not entitled to the benefit of a liberal construc-

tion of an insurance policy which was issued to and for the benefit of another party. *See, Flexi–Van Leasing, Inc. v. Aetna Casualty and Surety Co.* (9th Cir.1987), 822 F.2d 854; *Allstate Ins. Co. v. Roelfs* (D.Alaska 1987), 698 F.Supp. 815, 817; *Chicago Ins. Co. v. Pacific Indemnity Co.* (E.D. Penn.1982), 566 F.Supp. 954, 960.

STATON, Judge, concurring in result.

I concur in result for the reason that the clause is definitely ambiguous and perplexing.