David E. WEGER, Appellant–Plaintiff,

v.

Bobby Joe LAWRENCE, and Universal Fire & Casualty Insurance Company, Appellees–Defendants.

No. 61A01–9104–CV–122.

Court of Appeals of Indiana, First District.

July 29, 1991.

---

Keith L. Johnson, Luther G. Johnson, Mann, Chaney, Johnson, Goodwin & Williams, Terre Haute, for appellant-plaintiff.

Gus Sacopulos, Sacopulos, Johnson, Hahn & Sacopulos, Terre Haute, for appellees-defendants.

BAKER, Judge.

Plaintiff-appellant David E. Weger appeals the trial court's order denying his petition for garnishment against garnishee-defendant Universal Fire & Casualty Insurance Company (Universal). The issue presented for our review is whether an automobile dealer's garage liability policy covers injuries resulting from an accident which occurs after a dealer sells a car to a buyer and issues the buyer an interim registration plate, when the buyer has no liability insurance. We hold the dealer's garage liability policy does not provide coverage in this case, and therefore affirm the judgment of the trial court.

## FACTS

Universal issued a garage policy to its insured Kaleel Ellis d/b/a Honey Creek Motors (Ellis). The policy was in effect at the time of the accident at issue. Ellis was a dealership in the business of selling used automobiles.

On June 10, 1988, Ellis delivered a 1977 Chrysler to Bobby Joe Lawrence. Lawrence traded in his old car, and agreed to pay $50 per week until the balance of $900 was paid. Ellis retained the title to the car. Lawrence requested an interim registration plate from Ellis because he had no car insurance and thus did not want to transfer his old plate to his new car. Ellis complied.

Lawrence then placed the license plates from his old car in the trunk of his new car.

Approximately six hours after the transaction, Lawrence was involved in an accident which seriously injured his ten-year old nephew, Weger, a passenger in Lawrence's car. Weger brought suit against Lawrence, Ellis, and Terry Fry, who was the driver of the other car involved in the accident. The trial court entered summary judgment for Fry, granted Weger a default judgment against Lawrence who failed to appear, and denied summary judgment in favor of Ellis. Ellis appealed the summary judgment denial. The appeal was successful, and this court remanded the cause with instructions to the trial court to enter summary judgment in Ellis's favor. *Ellis v. Weger* (1990), Ind.App., 550 N.E.2d 1347. (*Weger I*).

The matter was subsequently set for a trial on damages against the only remaining defendant, Lawrence. The trial court entered judgment for Weger in the amount of $200,000. Weger was unable to obtain satisfaction of the judgment from Lawrence; he subsequently filed a petition for garnishment against Universal. The trial court denied Weger's petition for garnishment of the Universal policy, and Weger now appeals.

## DISCUSSION AND DECISION

Weger argues the trial court erroneously denied his garnishment petition because the clear language of the insurance policy, Indiana statutes, and the public policy of Indiana dictate that the petition be granted. We turn to the first of his contentions.

### Insurance policy language

■ In a proceeding supplemental to recover judgment from a liability insurer, the judgment creditor bears the burden of showing a judgment, the insurance policy, and facial coverage under the policy. *Town and Country Mut. Ins. Co. v. Sharp* (1989), Ind.App., 538 N.E.2d 6, *trans. denied.* Weger demonstrated a judgment and the insurance policy, but failed to prove facial coverage under the policy.

■ The insurance policy states liability insurance is provided for "any auto." *Record* at 147, 153. In pertinent part, the definition of "insured" provides:

a. **You** are an **Insured** for any covered **Auto.**

b. Anyone else is an **Insured** while using with **Your** permission a covered **Auto** except:

... (3) **Your** customers, if Your business is shown in **Item One** of the declarations as an **Auto** dealership. However, if a customer of **Yours:**

(a) Has no other available insurance (whether primary, excess or contingent), he or she is an **Insured** but only up to the compulsory or financial responsibility law limits where the covered **Auto** is principally garaged.

*Record* at 155 (emphasis in original). Weger argues Lawrence was an insured under the above definition because he was using a covered auto with Ellis's permission, and he had no liability insurance of his own. Thus, Weger continues, Universal must compensate for the injuries caused by its insured.

The problem with Weger's argument is the language of the insurance policy which provides that anyone else is an insured while using a covered auto *"with your permission."* Weger contends Lawrence was operating the vehicle with Ellis's permission because Ellis provided Lawrence with an interim registration plate. Ellis argues it could not have given permission to Lawrence to operate the vehicle because Lawrence already owned the vehicle at the time of the accident. Indiana caselaw supports Ellis's contention.

This court has stated the retention of license plates by the buyer of a car has no bearing on the issue of whether a sale was consummated. *Royal Indemnity Ins. Co. v. Shue* (1962), 134 Ind.App. 322, 328, 182 N.E.2d 796, 799, *trans. denied.* In *Royal,* an injured party attempted to recover damages from the dealer's insurer for injuries he sustained in an accident with a person who purchased a car from the dealer. The dealer's garage liability policy contained language similar to that of the policy at

issue here. This court held the evidence demonstrated a completed sale: a conditional sales contract provided for a total cash price to be paid for the car; a down payment was made for the car; and, the buyer took possession of the car. *Id.* The court stated: "[A] conditional vendee does not use an automobile with the 'permission' of the conditional vendor within the meaning of [the insurance policy]." *Id.* at 330, 182 N.E.2d at 800. The injured party was not allowed to recover from the dealer's garage liability insurance. *Id.*[1]

*Royal* was cited with approval in *Weger I, supra.* This court held in *Weger I* that the sales transaction had been completed prior to the accident, and that Lawrence, as a conditional buyer, owned the vehicle. Because Lawrence owned the vehicle, it was impossible for Ellis to give Lawrence, the owner of the vehicle, permission to use the car. Lawrence was thus not an insured under the language of the insurance policy because he was not driving the auto with Ellis's permission.[2] *See also Pekin Ins. Co. v. Charlie Rowe Chevrolet* (1990), Ind. App., 556 N.E.2d 1367 (stating certificate of title is not of itself proof of ownership of a vehicle; a person may have legal title to a vehicle even though he does not possess the certificate of title).

### Indiana statutes/public policy

Weger argues that pursuant to the Indiana statutory scheme, dealers are required to provide insurance for those buyers who receive interim registration plates and do not have their own insurance. He bases this argument on three statutes: IND.CODE 9–1–4–3.5, requiring proof of financial responsibility prior to the registration of a vehicle, IND.CODE 9–10–2–10, providing for interim registration plates, and IND.CODE 9–10–2–11, requiring garage liability insurance for dealers licensed under Title 9, Article 10. Universal maintains this argument was rejected in *Weger I.* The court stated in that case: "The [proof of financial responsibility] statute makes no reference to dealers and in no way places responsibility upon the seller of a vehicle, whether it be a dealer or a private party, to insure that the buyer has proof of financial responsibility *before selling the car.*" *Weger I, supra* at 1352 (emphasis added). The court apparently did not preclude the argument that the dealer has a duty to ensure proof of financial responsibility prior to providing the buyer with an interim registration plate. In other words, the dealer may sell a car without concerning itself with the state of the buyer's liability insurance, but may it issue an interim registration plate without either requiring some proof of the buyer's insurance or providing insurance itself?

■ The statutory scheme, as it stands, allows car buyers to avoid providing proof of financial responsibility and still obtain an interim registration. At the time of the accident in question, the buyer could operate a car with an interim registration plate for 21 days from the delivery of the car; the statute has since been amended to provide the buyer may operate the car for 31 days from delivery.[3] Therefore, a car purchaser may operate a vehicle on the streets and roads of Indiana for approximately one month with an interim registration plate without providing financial responsibility. This could be perceived as being inconsistent with the legislative intent given the

---

1. Weger argues *Royal* should no longer be followed because at the time it was decided there was no statutory provision for interim registration plates as there is now. This is not persuasive, however. At the time *Royal* was decided there was a statute allowing a purchaser to use dealer's license plates for five days after the purchaser has taken possession. We see no distinction between the interim registration plate statute and the dealer's license plate statute which would cause *Royal* to be inapplicable here.

2. Weger contends this interpretation of the policy renders the policy language "nonsensical." *Appellant's Reply Brief* at 11. We could envision this language providing coverage in other situations, such as when a customer with no insurance is involved in an accident while test-driving a dealer's car. In such a scenario, the customer would not own the car, and would be driving with the dealer's permission. We thus do not find our interpretation of the policy to render its language nonsensical.

3. 1989 Ind. Acts Pub.L. No. 122–1989, § 7.

language in IND.CODE 9–1–4–3.5 which states: "A motor vehicle may be registered in Indiana *only* if proof of financial responsibility ... is produced for inspection ..." (Emphasis added). The statutes do not specify that dealers must ascertain whether a buyer has insurance prior to giving the buyer an interim registration plate, however, and we cannot read such a requirement into the statute.

█ Even if we were to find that such a duty rests upon the dealer, it would not cause us to reverse the case before us. This case is against the insurance company, and it would not be the duty of the insurance company to pay these claims absent language in the insurance contract requiring such payment, or statutory authority directing insurance companies to do so. There is neither policy language nor statutory authority requiring the insurance company to pay such a claim. In any event, we do not read the Indiana statutory scheme as requiring dealers to provide insurance for uninsured motorists to whom a dealer has issued an interim registration plate.

Weger also argues that the strong public policy in Indiana is to compensate third parties who are injured as a result of negligence in the operation of a motor vehicle, and that this policy, combined with the above statutes, dictates that we allow him to obtain garnishment from Universal. Indiana is a compulsory financial responsibility state; however, the proof of financial responsibility statute does not "evince[] a social policy to guarantee compensation for all victims of automobile accidents." *Transamerica Ins. v. Henry By Next Friend Henry* (1990), Ind., 563 N.E.2d 1265, 1268. The statute demonstrates a policy to protect automobile owners, their families, friends, and guests from damages which might be inflicted on them by *other* cars on the road. *Id.* The statute "is not designed to protect owners (and their families and friends) from themselves." *Id.* at 1268. In this case, Weger was the ten-year old nephew of the car purchaser; the financial responsibility statute is not designed to protect Weger in this situation. *Id.* We thus cannot extend the reach of statutory authority based upon a social policy which is not applicable to the facts before us.

Weger has not demonstrated that the trial court erred in denying his garnishment petition. We are sympathetic to his plight and concerned about the apparent loophole in the registration statutes; however, it is for the legislature, not this court, to correct the loophole in the statute.

Judgment affirmed.[4]

RATLIFF, C.J., and ROBERTSON, J., concur.

---

4. Universal requests that we assess damages against Weger pursuant to Ind. Appellate Rule 15(G) which provides that damages may be assessed in favor of the appellee when the court on appeal affirms the judgment. Universal argues it should receive such damages because Weger's appeal was based on inapplicable statutes, on an insurance policy which plainly did not provide coverage, and on *Weger I* which previously determined the facts and law adverse to Weger. We do not view Weger's appeal to have been so meritless despite its lack of success, and decline to assess damages against him.