## CIRCUIT COURT OF THE CITY OF RICHMOND

Barbara Ross

v.

Allstate Insurance Co.

December 20, 1996

Case No. LA-1404-3

BY JUDGE T. J. MARKOW

This case is before the court on a Motion for Summary Judgment filed by the Defendant, Allstate Insurance Company.

*Facts*

Plaintiff Barbara Ross was a passenger in an automobile that was involved in an accident on December 19, 1993. As a result, Plaintiff sustained serious physical injuries. Among other expenses, Plaintiff had approximately $70,000 in emergency medical expenses. The car in which Plaintiff was riding was struck from the rear by a car driven by Kevin Dawson. At the time of the accident, Dawson was insured under an automobile liability insurance policy with Defendant, Allstate.

In April of 1995, Allstate paid Plaintiff the limits of the liability portion of the policy. In exchange, Plaintiff executed a "Release of All Claims." This release did not include any claim Plaintiff might make under the "Supplemental Payments" portion of the policy for the emergency medical expenses attributed to this accident. The pertinent part of the policy states that Allstate will pay for:

> (c) expenses *incurred by the insured* for such immediate medical and surgical relief to others as shall be imperative at the time of an automobile accident insured hereunder and not due to war [emphasis added].

Plaintiff made a claim under this provision, and Allstate refused payment. She now sues under this "Supplemental Payments" provision.

Allstate has moved for summary judgment on the ground that this provision does not cover claims by third parties (as opposed to insureds).

## Analysis

The premise of the defense is that this provision does not cover claims made by the Plaintiff but is limited to reimbursement to the tortfeasor/insured for expenses incurred by him. Allstate points to the phrase "incurred by the insured." Kevin Dawson was the insured. Allstate argues that Mr. Dawson incurred no emergency medical expenses to aid others and it would only be his out of pocket expenses which could be reimbursed under this provision. To support this position, Allstate cites cases from other jurisdictions interpreting identical or similar provisions in other policies which conclude that Plaintiff cannot recover. *See Town & Country Mut. Ins. Co. v. Sharp*, 538 N.E.2d 6 (Ind. App. 1989); *Vega v. State Farm Mut. Auto. Ins. Co.*, 401 So. 2d 368 (La. App. 1st Dist. 1983); *McCarter v. Allstate Ins. Co.*, 55 App. Div. 2d 695, 388 N.Y.S.2d 732 (3d Dep't 1976); *Dalrymple v. Lumbermens Mut. Cas. Ins. Co.*, 85 Misc. 2d 1044, 380 N.Y.S.2d 900 (N.Y. Sup. Ct. Dutchess County 1976).

In response, Plaintiff cites *Cox v. Progressive Cas. Ins. Co.*, 869 P.2d 467 (Alaska 1994). She also cites several cases interpreting this kind of provision broadly. *See Martinez v. Gulf Ins. Co.*, 358 P.2d 1003 (N.M. 1961); *Duffy v. Liberty Mut. Ins. Co.*, 58 Misc. 2d 855, 296 N.Y.S.2d 609 (1968); *Upton Cold Storage Co. v. Pacific Cast Cas. Co.*, 162 App. Div. 842, 147 N.Y.S. 765 (1914). She further argues that Allstate is misapplying the term "incurred." Plaintiff contends that medical expenses are incurred when one "pays or is legally obligated to pay" for them. *Virginia Farm Bureau v. Hodges*, 238 Va. 692, 696 (1989). She points out that by incurring the liability to pay damages arising from the accident, Dawson, the insured, became legally obligated to pay for her emergency medical bills. As such, Plaintiff concludes, these were expenses incurred by the insured.

### 1. Precedent

As stated above, there is precedent for the position of each party. The Alaska case cited by Plaintiff does, in fact, reach the result Plaintiff seeks in this case. However, the policy provision in dispute in the Alaska case does not contain the language requiring the expenses to have been incurred by the insured, as is found in this policy. The other cases cited by

Plaintiff all involve claims made by the insured to the insurance companies, not third party claims, such as this one.

The cases cited by Allstate support its position. Some of those cases were based on policies containing similar or identical language to the one in dispute here. They are persuasive on the issue of whether this provision was designed and intended to cover claims such as this one. However, they do not deal with the argument raised in this case; namely, that the insured incurred the expenses by assuming liability for the accident.

Since no Virginia cases have been found addressing the policy language in dispute or the argument advanced by Plaintiff, this Court will now turn its attention to the interpretation of this language.

## 2. *Incurred*

As stated above, the basic argument advanced by Plaintiff is that when the insured became liable for the accident, he incurred the emergency medical expenses of parties injured in the accident. The question for the Court to answer, then, is what exactly does an individual "incur" when he or she becomes liable in an accident.

The basis for imposing liability upon a person in a situation such as this is found in that body of law known as tort. A person who negligently causes an accident, thereby becoming liable, is said to be a tortfeasor. A tort is a "private or civil wrong or injury . . . for which the court will provide a remedy in the form of an action for damages." BLACK'S LAW DICTIONARY 1489 (6th ed. 1990). Therefore, when a person is found liable for a tort, whether through a jury verdict or a settlement, his or her liability is in the form of damages.

Damages are "pecuniary compensation or indemnity, which may be recovered in the courts by any person who has suffered loss, detriment, or injury, whether to his person, property, or rights, through the unlawful act or omission of another." BLACK'S LAW DICTIONARY 389 (6th ed. 1990). Compensation is "[t]hat which is necessary to restore an injured party to his former position." BLACK'S LAW DICTIONARY 283 (6th ed. 1990). Indemnity is "[r]eimbursement . . . the compensation given to make a person whole from a loss already sustained." BLACK'S LAW DICTIONARY 769 (6th ed. 1990). Therefore, when a person is liable for a tortious act, he or she must pay damages in the amount necessary to make the injured party whole.

The liability incurred by the tortfeasor, Dawson, was not to pay Plaintiff's medical bills, but to make her whole. If Plaintiff had incurred medical

bills, she still would have had a cause of action against Dawson. By incurring the liability for the accident, Dawson does not incur liability for Plaintiff's medical bills. Had Plaintiff not paid the bills herself, the doctors would have no cause of action against Dawson directly. Dawson's liability is to reimburse Plaintiff for her injuries. Damages may be calculated, in part, by adding together medical bills, but Dawson is not liable to pay those medical bills directly.

### Conclusion

Plaintiff is correct that the term "incurred" includes the legal obligation to pay a debt as well as the actual payment of a debt. However, the debt Dawson became legally obligated to pay here is not the emergency medical expenses charged by the doctors, but the damages suffered by the Plaintiff. Dawson's liability insurance policy has a limit as to these kinds of damages, and that limit has been reached. As such, Plaintiff has no further recourse under this policy. The provision in question does not afford Plaintiff the remedy beyond the policy limits of $25,000. Summary Judgment is awarded Allstate Insurance Company.