# CIRCUIT COURT OF THE CITY OF RICHMOND

Shakiara Gaines,
an infant who sues
by her next friend,
Sharon Walton

v.

Allstate Ins. Co.

January 4, 2000

Case No. LF-1879-3

BY JUDGE T. J. MARKOW

This matter is before the court on the demurrer to the motion for judgment to which oyer was granted requiring the filing of the insurance contract referred to in the motion for judgment and memoranda were filed and argument was heard.

Plaintiff has obtained judgment for $15,700,000.00 against defendant's insured. The policy limit for liability coverage was not sufficient to cover the loss. Plaintiff claims that the supplemental payments or "first aid" clause provides for unlimited coverage which would pay all or a part of this claim. The clause plaintiff sues on states:

*Supplementary payments:*
To pay in addition to the applicable limits of liability ....
(c) expenses incurred by the insured for such immediate medical and surgical relief to others as shall be imperative at the time of an accident involving an automobile insured hereunder and not due to war ....

Plaintiff argues that the policy is ambiguous and principles of contract construction require an interpretation favoring coverage.

The court does not agree, as the language is not ambiguous. Any language can be made to appear ambiguous especially when skilled lawyers attempt to make it so. That is the nature of the ambiguity here. In the ordinary meaning of the words used, the clause provides "first aid" coverage to the insured for expenses incurred by him for care of the injured at the time of the accident; nothing more, nothing less. It does not provide for payment of a liability judgment which includes medical expenses incurred by an injured party as asserted by the plaintiff.

It must first be determined whether the insured tortfeasor incurred any such expenses. This case is controlled by this court's decision in *Ross v. Allstate Ins. Co.*, 40 Va. Cir. 537 (1996). Plaintiff argues that *Ross* does not apply because, unlike *Ross*, here judgment has been rendered against the insured tortfeasor which establishes that he has incurred liability for medical expenses of the type described in the policy.

The judgment is a determination that the tortfeasor is indebted to the plaintiff for damages sustained in the accident. It does not establish any debt to health care providers notwithstanding the statutory lien given them. The lien simply requires that, where payment is made by a tortfeasor, he must pay the lienor before paying anyone else including the injured party. It does not give the lienor an independent cause of action against the tortfeasor. At best, the tortfeasor has an obligation to the plaintiff for damages sustained which may include medical expenses which she incurred. The tortfeasor has incurred no obligation to pay any expenses described in the supplemental payments clause; the clause cannot, therefore, apply to plaintiff's claim.

Plaintiff relies on *Cox v. Progressive Cas. Ins. Co.*, 869 P.2d 467 (Alaska 1994), which held that the supplemental payments clause it construed provided the coverage plaintiff claims here. *Cox* is not helpful in that the language of that policy is different from that here. That policy provided:

> In addition to our limit of liability, we will pay on behalf of a covered person ....
>
> 5. *Expenses incurred* for immediate medical treatment required by others you injure ....

Emphasis added.

The Alaska policy contained no requirement that the expenses be incurred by the insured as does the policy here. The only issue for that court was how to construe the term "immediate medical treatment." That is not the issue here.

Plaintiff has failed to state a cause of action against Allstate. The demurrer is sustained. It is, therefore, ordered that the motion for judgment is dismissed.